(6 Misc. Rep. 359.)

### FERRIS v. HARD et al.

(Superior Court of Buffalo, Special Term. December, 1893.)

PLEADING—AMENDMENT—CONDITIONS.

   Where defendant seeks to amend his answer after a reversal, and it appears that he was in fault in not moving when the case first came before the trial court, he will be required, as a condition of the amendment, to pay all plaintiff's disbursements, less the costs of service of summons and complaint.

Action by Peter J. Ferris, as trustee of the city of Buffalo, against Samuel B. Hard and others. Defendants move for leave to amend. Granted on condition.

Price A. Matteson, for plaintiff.
George W. Wadsworth, for defendants.

HATCH, J. This action was commenced in 1882, and its object is to foreclose a mortgage given by defendants. A trial was had before a referee, who reported in favor of plaintiff, upon which judgment was entered. 4 N. Y. Supp. 9. An appeal was thereafter taken to the general term, where the judgment was affirmed, and from thence to the court of appeals, which court reversed the judgment and ordered a new trial. 32 N. E. 129. The opinion delivered in the court of appeals shows that its decision was based upon an erroneous ruling of the referee in rejecting certain testimony offered by defendants. In this regard the case is interesting

.as showing how a party may be prejudiced from a failure of the record on appeal to show all that actually transpired. While it is the usual course for a record only to speak of such matters occurring upon the trial to the claimed prejudice of the appealing party, yet it here appears that a ruling in defendants' favor, which the record did not disclose, was made the basis of error in the appellate court to plaintiff's prejudice. The case is therefore instructive as showing the necessity of inserting all that transpired with respect to the ruling wherein the claimed error is supposed to exist. In this particular case the question arose in this wise: The amended complaint alleged that defendant Samuel B. Hard made and executed his certain bond conditioned for the payment of $10,-000, in four equal annual payments, beginning the 10th day of September, 1876, and that defendants, to secure the payments provided for in the bond, executed a mortgage, bearing even date therewith, upon certain land therein described, and delivered the same to Joseph Bork, who thereafter assigned the same to plaintiff, as trustee. The complaint contained further allegations appropriate to a foreclosure action. Defendants answered separately. So far as important here, Margaret Hard alleged that she was informed that her husband was indebted to the firm of Lyon, Bork & Co. for money loaned by said firm to her husband, Samuel, and that she executed said mortgage, upon request, for the purpose of securing said firm for the existing indebtedness of her husband, and for such further loans and advances as the firm should thereafter make to him. The answer of Samuel B. Hard, among other things, also alleged that the mortgage was executed to secure a present indebtedness for moneys loaned, and for such further sums as might be thereafter advanced to him. Upon the trial, Samuel B. Hard was sworn as a witness, and, as appears by the opinion of the court of appeals, this occurred:

"He testified that nothing was ever said between him and Bork [with whom the whole transaction concededly took place] that the mortgage should stand for anything he owed, nor that it was given to secure any advances subsequently to be made by either of the firms or by Bork. Hard also testified that he told Bork that he would get his [Hard's] wife to execute a mortgage for $10,000 on a part of the creek property, and that he would give Bork his own bond, and that Bork should sell the bond and mortgage. Here was a direct contradiction between the evidence of Mr. Hard and his sworn answer. It would seem that this contradiction was fully understood, and its serious character appreciated by the defendants and their counsel. The record shows that the defendant Mrs. Hard offered to show by her husband, Mr. Hard, the witness then on the stand, that, when his and Mrs. Hard's answers were drawn, Mr. Hard informed the attorney who drew them that the bond and mortgage in question were executed and delivered to Bork to be sold by him for the benefit of Mr. Hard, as absolute securities, and not as securities for any amount then owing by him, or for advances thereafter to be made, and the attorney advised him there was no legal difference; that the mortgagee would have the right to hold them as such security; and that such was the legal effect of the transaction. And that, relying upon such advice, and supposing it to be correct, he and the defendant Margaret H. Hard answered the complaint, as shown by their answers herein. The plaintiff objected to this evidence, as immaterial, incompetent, and irrelevant, and the court sustained the objection, and the defendants excepted. We think this offer should have been allowed to be proved. As the evidence stood, a clear contradiction was shown between

the evidence and the sworn answer of the witness, and any evidence which tended, if believed, to explain such contradiction in a manner consistent with the honesty of the witness, the defendants were entitled to give. If the plaintiff claims that the allegation in the answer was an admission of a fact which concluded the defendant so long as it remained a part of the pleading, one objection to such claim is that it comes too late. The plaintiff had permitted, without objection, the evidence to be given which showed the contradiction, and it was then too late to interpose with an objection which would preclude any explanation of the contradiction. This is upon common principles of fairness. If the plaintiff had a conclusive objection to the proof of any fact which would contradict an admission in the answer, he was bound to state it when the evidence in contradiction was offered, and he should not be permitted to acquiesce in its admission without the least objection when the witness desires to explain this contradiction. Otherwise, the plaintiff obtains the benefit of the contradiction, and its effect, as more or less of an impeachment of the rest of the evidence of the witness, while at the same time he secures the conclusive character of the admission in the pleading. This he should not be permitted to do."

The court then discuss the character of the admission, and reach the conclusion that it was not of such a character as to permit, on that ground, evidence of an inconsistent fact. Upon this motion it is made to appear, both by affidavit and the production of the referee's minutes, that, when the evidence was offered to contradict this answer, at the first opportunity plaintiff objected; and not alone did he object, but, when it was received, he immediately moved to strike it out, and, upon both objection and motion, the referee ruled against him. While it is quite possible that the conclusion of the court of appeals would have led in any event to a reversal upon the other ground described, it is equally clear that upon the first and apparently main ground, if the fact had appeared, it would have furnished a complete answer thereto; and, while we cannot say it would have so far modified the other reasons assigned as to lead to a different result, it is quite clear that their force would have been weakened, and the result left in some doubt. This position has been recited at this length, for the reason that it has a material bearing upon the disposition of this motion. This objection, in fact, made by plaintiff, called sharply to the attention of defendant the construction which plaintiff placed upon the answer, and its effect. The subsequent disposition of the whole question by the referee advised defendant of his position, and the dangerous ground upon which he stood. That he was not insensible of such condition is evidenced by his motion to amend the answer. When this was denied, for lack of power, instead of making further effort for relief, he elected to take the chances upon the facts and his pleading as it then stood, and, whether we say the referee was right or wrong in his conclusion on the question of power, we clearly see that defendant was fully apprised of the position he occupied, which was that, in order to present his defense fully, it was essential that his pleading be amended. Defendants were quite as well aware of the environment which surrounded them then as they are now. Application to the court at that time would doubtless have procured the necessary relief, and thus have presented to the referee all of the questions upon this branch of their defense which defendants now desire considered

by their proposed amendments. By proceeding before the referee, they elected to stand upon the answers then in, with full knowledge that the branch of the case now being sought to have considered was not deemed by the referee to be before him for decision. It was therefore defendants' fault that their defense was not fully considered, and, having made no effort to have it properly presented they must now be treated as suppliants for favor purely. Attention by plaintiff has been called to some authority, and there exists much more, where motions to amend have been denied, upon the ground of laches, when the facts were much stronger than those here disclosed. But we are mindful of the admonition of the court above that this presents a proper case for relief, although, as we have seen, the exact case was not before them. Concluding that the amendment must be granted, what are the terms which justice requires should be imposed? The answer to this question is dependent upon the facts already existing and the character of the proposed amendments. The proposed answers accompany the moving papers, and therefrom we see that the character of the issue relating to the purpose for which the mortgage was delivered is changed so as to substantially meet the proof rejected by the referee. In addition an entirely new defense is interposed, consisting of an allegation that plaintiff's assignor (Bork) was not at the time of the assignment the owner of the bond and mortgage, but that one Charles A. Sweet is such owner, as the receiver of Lyon, Bork & Co., who were insolvent at the time the same was executed. It thus appears that practically new issues are presented upon the allowance of the amendments. While the disposition of this question is addressed to the sound discretion of this court, and is largely dependent upon the facts of each case, yet we are not without precedent to guide us.

In Marsh v. McNair, 40 Hun, 216, many authorities are examined and commented upon, and the following rule was deemed established:

"That, in the allowance of amendments which change substantially the nature or subject of the cause of action, such terms are imposed as may indemnify the defendant for his taxable costs incurred in the action, provided that he has raised the objection at the first opportunity."

Of course, the converse of the rule is true where the defendant seeks to amend.

In Railroad Co. v. Tibbits, 11 How. Pr. 168, plaintiff had a recovery which, upon appeal, was reversed. On an application to amend, which added new and essential allegations, presenting new issues, which required new lines of defense, all of defendant's costs, less an extra allowance, were imposed as a condition.

To the same effect are Prindle v. Aldrich, 13 How. Pr. 466; McGrane v. Mayor, etc., 19 How. Pr. 144; Proctor v. Andrew, 1 Sandf. 70.

In Bank v. Mott, 19 How. Pr. 274, the court use this language:

"The rule in all cases of the amendment of pleadings is that the amendment shall not be made at the expense of the opposite party, and that he be indemnified for all additional expense involved in such amendment."

v. 27 n.y.s. no. 2—15

. In this case was allowed a trial fee and all disbursements.

In Havemeyer v. Havemeyer, 48 N. Y. Super. Ct. 104, the defendant procured the reversal of a judgment against him, based upon a strict legal right, yet, upon motion to amend the answer, pending a retrial, was compelled to pay all costs, less an allowance made therein.

Upon this subject the cases of Egert v. Wicker, 10 How. Pr. 193, and Butler v. Farley, (Sup.) 1 N. Y. Supp. 849, will be found instructive.

Applying the general rule of the foregoing cases, I am of opinion that defendants were in fault for not procuring an amendment to the pleadings when the question was first raised, and that, being so in fault, they should now indemnify the plaintiff for the favor asked, especially in view of the fact that for the first time an entirely new issue is brought in. The order will therefore be that defendants will be permitted to amend their answers as proposed upon this motion, upon the payment of plaintiff's disbursements incurred in all courts, legally taxable, less the cost of service of the summons and complaint; also the taxable costs of the trial after the joinder of issue, and before notice of trial, less the extra allowance,—said items to be taxed by the clerk of this court upon notice; and upon the further condition that in the event defendants, or either of them, succeed in establishing their defense, no costs or disbursements shall be taxed against plaintiff, except the costs incurred before notice of trial, in favor of them, or either of them, for the trial already had, or the costs and disbursements upon appeal to the general term of this court or in the court of appeals. Plaintiff is also entitled to $10 costs of opposing this motion. The magnitude of the costs and disbursements, being, as stated, $2,296.58, is the excuse for this lengthy discussion. Ordered accordingly.