FRANK FRISBIE, Respondent, *v.* WILLIAM W. AVERELL, Appellant. 

87 217
43ap323

*Amendment of pleading — changing the cause of action — terms of its allowance.*

A party who notices a motion to be allowed to serve a supplemental complaint should not be denied relief because the paper thus sought to be served is held by the court to be an amended complaint.

Where permission to serve an amended complaint is granted, and its effect, practically, is to allow the plaintiff to declare upon an entirely different obligation from the one set up in the original complaint, the plaintiff should pay all the costs which have accrued up to the time when the motion is made.

APPEAL by the defendant, William W. Averell,. from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of March, 1895, granting the plaintiff's motion to serve a supplemental complaint, except from so much of said order

as allowed the defendant twenty days from the service of the supplemental complaint to serve an answer thereto.

The action was begun in March, 1892. The original complaint set forth a note dated February 9, 1880, and demanded a money judgment. The answer pleaded the Statute of Limitations. The supplemental complaint set forth a note of the same date, but alleged its true date to be February 9, 1890, asked reformation of the instrument, and that the plaintiff be allowed to recover upon it as reformed.

*E. Hassett,* for the appellant.

*J. W. Purdy, Jr.,* for the respondent.

VAN BRUNT, P. J. :

It is apparent that it was a misnomer to call the new pleading which was to be served a supplemental complaint. It was clearly an amended complaint and not a supplemental complaint, and the fact that a party moves for relief under an erroneous name is no proper reason for the denial of the same.

Under the circumstances of the case, however, we think that the terms which were imposed were entirely inadequate. The plaintiff was allowed to amend by declaring upon an entirely different instrument from that which he had declared upon in the original complaint, although the difference was but a change of date. We think that the terms imposed should have been the payment of the costs of the action up to the time of the motion.

The order appealed from should be reversed, with costs of appeal, and a motion to amend granted upon payment of the costs of the action up to the time of said motion.

O'BRIEN and PARKER, JJ., concurred.

Order reversed, with costs of appeal, and motion to amend granted upon payment of costs of action up to the time of said motion.