(39 App. Div. 529.)

HAYES v. KERR.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

1. PLEADING—AMENDMENT OF COMPLAINT.
   Where the complaint in an action to set aside a deed alleged to be procured by undue influence is, upon hearing before a referee, found to be insufficient to admit proof of the relations between the grantor and grantee, the special term should allow an amendment.

2. SAME—TIME OF APPLICATION.
   When, upon a hearing before a referee, certain evidence is excluded because the complaint is insufficient to admit it, and plaintiff applies to the special term for leave to amend as soon as the insufficiency appears, he is not guilty of laches.

3. SAME—TIME FOR ANSWER.
   Where a complaint is amended during trial to render certain testimony admissible, defendant is entitled to 20 days to answer.

4. SAME—COSTS.
   Where a complaint is amended during trial to render certain testimony admissible, plaintiff should be required to pay all costs before trial.
   Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Emma Hayes against Leonard R. Kerr to set aside a deed. From an order allowing an amendment of the complaint, defendant appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Sol Kohn, for appellant.

Pater B. Olney, for respondent.

INGRAHAM, J. There may be some doubt as to the necessity of this amendment, but as the defendant has obtained a ruling from the referee before whom the case was tried that evidence offered by plaintiff was not admissible, because the allegations in the complaint are not sufficiently broad to allow such evidence, it would seem that a proper case was presented to justify an application to the court for leave to amend the complaint. The object of the action is to set aside a deed conveying certain real property to the defendant, which property, by his last will and testament the grantor had devised to the plaintiff. The ground of the action is that this conveyance was procured by fraud and undue influence. If the allegations of the complaint were not sufficiently broad to allow evidence of the relations between the grantor and grantee to be proved, there would seem to be no reason why an amendment to the complaint should not be allowed, so as to enable the plaintiff to present all the proof which would bear upon such relations. The necessity of this amendment first appeared upon the trial before a referee, when the objection to the plaintiff's proof was taken by the defendant and sustained by the referee. It appears, without contradiction, that the referee expressed an opinion that the amendment should be allowed, but quite properly considered that under the circumstances the application should be made at the special term, instead of passed upon by himself. The plaintiff moved as soon as the necessity of such an amendment appeared; and we do not think, upon the facts as they are before us, that the plaintiff was guilty of laches. The order appealed from, however, allows the defendant only 10 days in which to answer the amended complaint. The defendant is entitled to 20 days in which to serve his answer, and the court had no power to abridge the time. We also think that the plaintiff should have been required to pay all the costs of the action before trial.

The order appealed from should be modified by providing that the amendment is allowed upon condition that plaintiff pay the taxable costs, including $10 costs of motion, and that the defendant should have 20 days within which to serve an answer to the amended complaint, and as so modified affirmed, without costs in this court. All concur, except VAN BRUNT, P. J., dissenting.

VAN BRUNT, P. J. (dissenting). As the court is apparently of the opinion that the amendment allowed was unnecessary, it seems to me that the order appealed from should be reversed. If applications of this kind are to meet with favor, every time that a court or referee rules upon a question of evidence involving the pleadings,

whether such ruling be right or wrong, the party is entitled to make an application to the court, and to have his pleadings amended in order to avoid the objection taken. It seems to me that the establishment of such a rule would result in the transfer of the trial of a case from the tribunal before which it was pending to the part of the special term devoted to the hearing of ·motions. The order should be reversed.