It is contended with much earnestness by the counsel for the relator that the White civil service law (chapter 370, Laws 1899) is applicable to this case. By that enactment, no removals of honorably discharged soldiers can be made, except for incompetency or misconduct, shown after a hearing upon proper notice. That act did not become operative until April 19th of this year, and the acts which ended Col. Ward's official service occurred long prior to its passage. The relator was not a veteran at the time of his enlistment, and hence the veteran act has no relation to him.

The motion was for a writ of peremptory mandamus. The question of the relator's right to this remedy in any event is not free from embarrassment, especially as he seeks reinstatement by this proceeding to an office in the possession of another under color of right. Under the veterans' acts, resort to this remedy is expressly given by statute, and this is true of the White law; but it has long been held that the action of quo warranto, making the actual holder of the office a party, is the proper method of determining the title of the claimant to an office. People v. Stevens, 5 Hill, 616; People v. Goetting, 133 N. Y. 569, 30 N. E. 968; People v. Brush, 146 N. Y. 60, 40 N. E. 502. In this case, however, the court at special term denied the peremptory writ, but granted an alternative writ. There was no question of fact to be passed upon, and, if mandamus was the proper remedy, the relator should have been granted the relief he sought.

As our interpretation of the law goes deeper than the remedy, we direct the dismissal of the petition, but without costs. All concur, except SMITH, J., not voting.

---

(43 App. Div. 321.)

BATES v. SALT SPRINGS NAT. BANK et al.

(Supreme Court, Appellate Division, Fourth Department. October 13, 1899.)

PLEADING—AMENDMENT OF COMPLAINT AFTER APPEAL—COSTS.

> Where a plaintiff has been defeated on the trial of his action, and on appeal to the supreme court the decision of the lower court is affirmed, but the judgment of that court is reversed by the court of appeals, "with costs to abide the event," an amendment to the complaint which materially alters the scope of the action will only be allowed at special term upon payment by him of all the costs of the action antecedent to the granting of the motion.

Appeal from special term, Oneida county.

Action by Edward P. Bates against the Salt Springs National Bank and others. From an order amending plaintiff's complaint, defendants appeal. Modified and affirmed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

William G. Tracy, for appellant bank.
Charles G. Baldwin, for appellant Ross, receiver.
Edwin H. Risley, for respondent.

SPRING, J. This action was brought to foreclose a mechanic's lien, and is the result of a consolidation of two actions. The Salt

Springs National Bank defended, alleging it was the owner of the fund sought to be charged with the payment of the plaintiff's lien. This claim was based upon an assignment of the contract by the building contractors, and it was to secure existing and prospective liabilities of those contractors to the bank. The plaintiff, at the time the complaint was framed, knew of the existence of this assignment, and charged the assignors with fraud in its execution; but the conduct of the defendant bank in procuring or accepting it was not assailed, and no imputation was made that it lacked consideration, or that the officers of the bank knew of the insolvency of the contractors. The question litigated on the trial was as to the effect to be given to one clause in the building contract providing that payment thereon should be preceded by a certificate of the clerk of Oneida county that no liens were filed against the premises upon which the building was erected. The final payment provided for in the agreement was not to be made until after the completion of the building, and it was contended that this clause in the agreement referred to was for the protection of the lienors, as well as the trustees of the Masonic Hall to be built. The evidence given related to this specific question. The trial court based its decision upon the construction of the written agreement, and it was affirmed in the general term on that ground. The court of appeals reversed the judgment, with costs to abide the event (157 N. Y. 322, 51 N. E. 1033); disagreeing with the lower courts in the interpretation of the agreement, and holding that the assignment to the bank was superior to the mechanics' liens. The plaintiff thereupon applied to the special term for an amendment of the complaint, charging the defendant bank with fraud in procuring the assignment; that it knew at the time that the contractors were insolvent, and that the assignment was purposely kept secret from the subcontractors and material men in order that the work might be carried on in reliance upon the contract, and in the expectation that the money to be paid thereon would be primarily liable for their claims. It is apparent this raises an issue radically different from that litigated upon the trial. The defendants have succeeded upon the issue already tendered by the plaintiff, and the plaintiff consequently desires to take a new tack, and try the case on a different theory. The special term granted the amendment, but required the plaintiff to pay, as a condition of the favor, $200 costs to the defendant bank, and $100 to the defendant Ross, the receiver appointed in proceedings supplemental to execution on a judgment recovered by the bank against Dickison and Allen, the contractors. The costs and disbursements of the defendant bank amount to the sum of $799.42, and of this sum $519.42 were disbursements. The costs of the receiver are stated to be $265, and of the defendant Catharine Dickison, the wife of the contractor, $280. The rule is well settled that, when a plaintiff applies at special term for an amendment to his complaint which materially alters the scope of his action, such amendment will be granted upon payment of all the costs of the action antecedent to the granting of the application. McEntyre v. Tucker, 40 App. Div. 444, 58 N. Y.

Supp. 146; Cramer v. Lovejoy, 41 Hun, 581; Brady v. Cassidy (Com. Pl.) 13 N. Y. Supp. 824; Frisbie v. Averell, 87 Hun, 217, 33 N. Y. Supp. 1021.

In McEntyre v. Tucker, supra, the court, in criticising the granting of the amendment upon payment of $50 and $10 motion costs, say:

"It seems to us that the terms upon which the motion was granted were entirely inadequate. It is conceded by the motion that the plaintiff cannot recover in the present form of action. The defendant was therefore justified in defending, and, for the costs and disbursements to which he has been put in the establishment of a successful defense, he is entitled to be reimbursed. It seems to us, therefore, that he is entitled to recover his costs and disbursements for all proceedings subsequent to the service of the complaint, and also to recover the costs and disbursements of appeal, where such costs were given him to abide the event of the action."

The justice of this rule is well illustrated in this case. The defendants were forced to make the fight on the lines laid by the plaintiff, and the court of appeals has held there can be no recovery on that cause of action. The defendants have been put to the costs in the effort to vindicate their position, and, if the plaintiff desires to try another cause of action, then he should first make the defendants whole for what they have already incurred, to the extent of the taxable costs and disbursements. The order of the special term should be modified by striking out the specific sums imposed as a condition of the amendment, and in lieu thereof requiring the plaintiff to pay the costs and disbursements of the defendant bank, to be taxed by the clerk of Oneida county. The receiver was appointed on the application of the bank, and the assignment to that institution was partly in security of notes on which Catharine Dickison was indorser, so that the real defendant is the bank itself, and it alone should be awarded costs. The amended complaint is to be served and the said costs are to be paid within 30 days after the taxation thereof. Said order should be further modified by eliminating therefrom the restrictions upon the defendants to plead the statute of limitations as a defense to the amended complaint.

The order, as so modified, is affirmed, without costs of this appeal to either party. All concur.

---

(43 App. Div. 331.)

In re DAVIS et al.

(Supreme Court, Appellate Division, Fourth Department. October 13, 1899.)

1. ACCOUNTING BY TESTAMENTARY TRUSTEE—ALLOWANCE OF PAYMENTS
 Code Civ. Proc. § 2729, subd. 2, providing that executors may be allowed any item the payment of which they satisfactorily prove by any competent evidence other than their own oaths or the oaths of their wives, is applicable to trustees under a will, so that payment may be allowed without vouchers.

2. SAME—PRESUMPTIONS.
 Trustees under a will, on their accounting, though producing no vouchers to prove part of their alleged payments to the beneficiary, may invoke, to some extent, at least, the rule which allows a presumption of payment