BATES v. SALT SPRINGS NAT. BANK et al.

MILLAR et al. v. SAME.

(Supreme Court, Appellate Division, Fourth Department. December 6, 1899.)

CONSOLIDATED ACTIONS—AMENDED COMPLAINT—LEAVE TO FILE—COSTS—PAYMENT—AMENDED ANSWER.

> Where two actions between the same parties were consolidated, and plaintiff in one, who was also defendant in the other, given leave to file amended complaint on condition of first paying certain costs, an amended answer filed by him, presenting the same issues, should be stricken out, since he had the option of trying his case under the amended answer, and thus render nugatory the will of the court as to payment of costs.

Appeals from special term.

Actions by Edward P. Bates against Salt Springs National Bank and others, and by Henry W. Millar and others against same defendants. From an order denying a motion to strike out an amended answer in the latter action, certain defendants appeal. Reversed.

Argued before HARDIN, P. J., and SMITH, ADAMS, McLENNAN, and SPRING, JJ.

William G. Tracy, Charles G. Baldwin, and William S. Andrews, for appellants.

Edwin H. Risley, for respondents.

PER CURIAM. This action, and one in which Edward P. Bates was plaintiff, was commenced in 1892 to foreclose certain mechanics' liens upon the Masonic Home, near Utica, N. Y. All parties interested in the subject-matter were made parties, either plaintiff or defendant, in one or the other of said actions. The interests of the plaintiffs in each of said actions were conflicting as between themselves, and were also conflicting with the interests of the defendants (appellants). Issue was duly joined in each of said actions. Thereafter an order was duly made, upon the consent of all the parties, consolidating the two actions, and directing "the trial of the same, as so consolidated, to be tried together as one, in accordance with the rules and practice of the court." Thereafter the issues were tried by the court, the actions being tried as one, and judgment was rendered favorable to the respondent Bates. From that judgment an appeal was taken to the late general term, and the judgment was affirmed. 34 N. Y. Supp. 598. An appeal was then taken to the court

of appeals, and the judgment was reversed, and a new trial ordered, with costs to the appellants to abide the event. 51 N. E. 1033. Thereafter, and more than five years after the commencement of both of said actions, Bates made a motion for leave to serve an amended complaint in the action brought by him. While that motion was pending, Bates served an amended answer in the Millar action upon the plaintiff and his co-defendants. The answers so served by Bates were retained by the attorneys for the appellants, respectively, more than 24 hours, and were then returned with an indorsement thereon to the effect that the time within which to serve said answer had expired more than five years since, and that no leave to serve the same had been obtained from the court, and a motion was thereupon made to strike out said amended answer. The motion for leave to serve an amended complaint came on to be heard. The notice of motion was entitled in both of said actions, and the court made an order granting the motion upon condition that the plaintiff, within a certain time, pay a certain amount of costs to the appellant's attorneys. An appeal was taken from that order to this court, and it was modified by requiring Bates to pay a further or additional sum of costs, to wit, the taxable costs after service of the first answer, as a condition of serving said amended complaint, and as so modified the order was affirmed. 60 N. Y. Supp. 313. The motion to strike out the amended answer of the defendant Bates in the Millar action was denied by the special term, without costs. From that order this appeal is taken.

All the issues raised by the parties to either of said actions are presented by the amended complaint and by the answers first interposed. The same issues, however, could be tried in said consolidated action upon the allegations in the original complaint and the allegation contained in the proposed amended answer. It is therefore apparent that, if the order permitting the proposed amended answer to stand is affirmed, the provision of the order permitting the defendant Bates to serve an amended complaint, only upon condition that he pay the costs imposed by the court, would, at his option, become nugatory, and that all the issues raised by such amended complaint could be effectually tried, under his amended answer in the Millar case, and the result would be that the defendant Bates would be in a position to have all the issues involved in both actions disposed of under his proposed amended answer, and without the payment of any costs whatsoever. We think this result would be unjust, and, in effect, would defeat the purpose and intent of the court, which was that, before the issues raised by the amended complaint in such consolidated action should be tried, the order made by the special term, as modified by this court, should be complied with.

It is held: First, that the special term, in its discretion, had power to strike out the amended answer of the defendant Bates, notwithstanding such answer had not been returned within 24 hours by the attorneys of the respective appellants upon whom it had been served; second, that as both actions were consolidated, and all the issues should be tried and determined under Bates' amended complaint, and because the effect of denying the motion to strike out said amended answer is to render nugatory the order of the court requiring the

payment of certain costs as a condition of retrying the issues involved in said consolidated action, and raised by the allegations in the amended complaint, the motion to strike out the amended answer of Bates should have been granted.

It follows that the order appealed from, denying the motion to strike out the amended answer, should be reversed, without costs, and the motion granted, without costs, with leave to the defendants to answer the amended complaint within 20 days after the service of the same upon them, upon payment of the costs of the Bates action from the service of the answer. .