RICHARDSON & MORGAN CO. v. GUDEWILL.

(City Court of New York, General Term.    March, 1902.)

PLEADING—AMENDMENT AFTER TRIAL—NEW ISSUE—PAYMENT OF COSTS.
    Where two jury trials were had, the verdict being for plaintiff in each
    instance, and the judgments thereon were reversed on technical grounds,
    and not on the merits, leave to file an amended answer setting up a
    counterclaim should be granted only on payment of all accrued costs
    by defendant.

Appeal from special term.

Action by the Richardson & Morgan Company against Rudolph
H. E. Gudewill.   From an order allowing the service of an amended
and supplemental answer on payment of taxable costs, and from an
order taxing costs thereon, defendant appeals.   Affirmed.

Argued before DELEHANTY and McCARTHY, JJ.

Benno Loewy, for appellant.
Hitchings, Stevens & Palliser, for respondent.

DELEHANTY, J.   We think the orders appealed from should be
affirmed.   There have been two jury trials herein, and in each instance
the verdict has been for the plaintiff.   True, the judgments entered
thereon have been reversed upon appeal, but solely upon technical
grounds, and not upon the merits.   The proposed amended and sup-
plemental answer is sought to be interposed, as claimed by appellant, to
correct an error committed by the former attorney for the defendant in
the drafting of the original pleading.   It now seeks to set up a
counterclaim for $600 damages, and, if interposed, will give to the
defendant a new issue to present to the jury.   Under the circum-
stances we cannot say that there has been, in the imposition of terms
granting same, such an abuse of judicial discretion as calls for action
upon our part.   The trend of authority is to the effect that, where the
proposed amendment raises an issue substantially different to that liti-
gated upon the trial, such terms are imposed as will indemnify the
other side for his taxable costs.   Ferris v. Hard, 6 Misc. Rep. 359, 27
N. Y. Supp. 222, 225; Bates v. Bank, 43 App. Div. 321, 60 N. Y.
Supp. 313.   Nothing more than that has been done in this case.   The
ingenious effort of counsel for appellant to distinguish the Bates au-
thority from the one at bar is unavailing.   After all has been said, the
admitted fact stands prominently forth that thus far in this protracted
litigation the defendant has been bested upon the merits, and, unless
some new tack is devised, judgment absolute will finally go against
him.   The amended answer is his "anchor to windward," and he
should pay the regulation terms for casting it.   The orders appealed
from are correct, and are therefore affirmed, with costs.

Orders affirmed, with costs.

McCARTHY, J., concurs.