WALTER A. LESSER, Respondent, *v.* GILBERT MANUFACTURING COMPANY, Appellant.

*Action for breach of contract of employment — amendment of an answer setting up facts justifying the plaintiff's discharge — it should be allowed by the trial court — if not there, then at the Special Term — condition imposed when granted after a trial — service of proposed answer with motion papers.*

Upon the trial of an action brought by a former employee of the defendant to recover damages for his unjustifiable discharge, evidence offered by the defendant tending to show justification for the plaintiff's discharge was excluded upon the ground that the defense of justification for the discharge was not pleaded. The defendant immediately made an application for leave to amend his answer in the respect mentioned, and stated the substance of the proposed amendment, but the court denied the application.

At the close of the evidence the defendant again made a motion to amend his answer, but the court denied the motion, stating that it had no power to grant it and that the defendant's remedy was by an application at Special Term. The case was then submitted to the jury, who found a verdict for the plaintiff.

Thereafter the defendant made a motion at Special Term for leave to amend his answer in the respect mentioned, and the motion was again denied.

Upon an appeal from the last-mentioned order denying the motion, it was

*Held,* that the motion to amend should have been granted at the trial, and, failing that, at the Special Term;

That the defendant, as a condition of being allowed to amend, should be compelled to pay all costs and disbursements after the notice of trial;

That the objection that the proposed amended answer was not served with the motion papers was not available to the plaintiff, it not appearing that such objection was raised at the Special Term, and also because of the fact that the plaintiff and the court were fully apprised of the nature of the amendment.

APPEAL by the defendant, the Gilbert Manufacturing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of February, 1902, denying the defendant's motion for leave to serve an amended answer.

*George Zabriskie,* for the appellant.

*Daniel P. Hays,* for the respondent.

HATCH, J.:

By this action the defendant seeks to recover damages for the breach of a contract of employment in the sum of $4,925. The

complaint avers the material provisions of the contract, due performance thereof by the plaintiff and the breach of the same by the defendant in discharging the plaintiff without any just cause therefor.

The answer admitted the contract, the discharge of the plaintiff and denied due performance by the plaintiff of his contract. There was no averment of new matter in justification of the discharge contained in the answer. Upon the trial evidence tending to show justification for the discharge was offered by the defendant, and upon the objection of the plaintiff such proof was excluded as not being within the issue presented by the pleadings. It does not seem necessary to express any opinion as to whether the answer was in fact sufficient to permit such evidence to be given. The defendant seemed to concede upon the argument that the answer was insufficient, and this application was addressed mainly to the favor of the court for the granting of the relief asked.

When the testimony sought to be elicited was excluded, the defendant made immediate application for leave to amend the answer by setting up the grounds upon which the defendant acted in discharging the plaintiff, the specific matter in which the defendant desired to amend being then and there stated. The court thereupon denied defendant's application to amend and the trial proceeded.

At the close of the proof the defendant again made a motion to amend; the court denied the motion, stating that it had no power to grant it, and that the defendant must apply at Special Term for the relief which it asked. Thereupon the case was submitted to the jury, who found a verdict in favor of the plaintiff. Thereafter the defendant made a motion at a Special Term based upon affidavits and a portion of the testimony taken upon the trial for leave to amend the answer in the respect heretofore mentioned. This motion was denied. The denial seems to have been based upon the ground that the defendant declined to amend his answer on the trial, and having elected to proceed with the trial upon the pleadings as they were it was bound by such election, and on account thereof the motion was denied. It is evident that the court was clearly mistaken as to the facts.

The defendant, as before observed, made immediate application

to amend and did everything which lay within its power to secure that result, but the court denied all of its applications. No estoppel, therefore, could arise upon any election which the defendant had made. We think the motion should have been granted at the trial, and failing that at the Special Term. The present record shows that considerable testimony was offered and received without objection tending to show that the defendant was justified in discharging the plaintiff from his employ. This testimony was, therefore, in the case and ought to have been submitted to the jury for their consideration. Whether it was or not this record does not disclose; but inasmuch as this issue had been injected into the case, whether permissible under the pleadings or not, the defendant should not have been summarily cut off from making the further proof upon that subject of which it claimed to be possessed. If it had a good defense in view of the circumstances which occurred, it should have been permitted to have its pleadings amended so as to make it available. The plaintiff did not claim that he would be surprised by reason of the amendment, nor does it otherwise appear that he would be prejudiced in any way or deprived of any proof which was available to him bearing upon such issue. If he had made such claim the court had ample power to protect it. In any view it seems clear that the defendant should have the relief which it asked, and should not now be denied its right thereto by any failure of the court to fairly comprehend what the real facts were when the motion was decided. The defendant, however, should be compelled to pay all costs and disbursements after the notice of trial, as a condition of having leave to amend. No point is available to the plaintiff that the proposed amended answer was not served with the motion papers. It nowhere appears that any such objection was taken below, and in order that such question might be available it was necessary to raise it at the Special Term. Besides, the amendment was stated in express language when the application was made to amend, and in all substantial particulars it appears in the moving papers that the plaintiff and the court were fully apprised of the nature of the amendment. (*Abbott* v. *Meinken,* 48 App. Div. 109.)

It follows that the order should be reversed and the motion granted upon the payment of all costs and disbursements by the

defendant after notice of trial. No costs upon this appeal should be allowed to either party.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Order reversed and motion granted upon payment of all the costs and disbursements by defendant after notice of trial; no costs upon this appeal allowed to either party.