(79 App. Div. 130.)

### MILLER v. CARPENTER.

(Supreme Court. Appellate Division, Second Department. January 30, 1903.)

1. PLEADING—AMENDMENT—NEW CAUSE OF ACTION—COSTS.
　　Where plaintiff, in an action to procure the reassignment of stock on the ground that the original assignment was in pursuance of an oral agreement that the stock should be held as collateral only, amended his complaint so as to allege fraud and mutual mistake, and prayed for a reformation and cancellation of the original assignment, he did not plead a new cause of action, so as to necessarily be obliged to pay all costs before the granting of the amendment.

2. SAME—EVIDENCE—FAILURE TO OBJECT—RETRIAL.
　　In an action to procure a reassignment of stock on the ground that the original assignment was in pursuance of an oral agreement that the stock should be held as collateral only, defendant offered no objection to the introduction of parol evidence of the oral agreement until he appealed, where he succeeded because the evidence, even if competent, would not support the relief granted. Held, that on a retrial plaintiff might reasonably be allowed to amend, and allege fraud and mistake; and pray for reformation, without first paying all the costs of the action.

Appeal from special term, Westchester county.

Action by Joseph O. Miller against Reese Carpenter. From an order granting plaintiff's motion to amend the complaint, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Isaac N. Mills, for appellant.
W. J. Townsend, for respondent.

HIRSCHBERG, J. The practical question presented by this appeal is as to the sufficiency of the terms imposed. The action is

brought to procure the reassignment of certain stock which the plaintiff transferred to the defendant by a written instrument absolute in form, but, as the plaintiff claims, in pursuance of an oral agreement that the assignment was to be as collateral security only. Upon oral testimony of the prior understanding, the plaintiff procured a judgment, which was reversed by this court, and a new trial granted. Miller v. Carpenter, 68 App. Div. 346, 74 N. Y. Supp. 231. In the opinion then delivered Mr. Justice Jenks said (page 350, 68 App. Div., and page 233, 74 N. Y. Supp.) :

"There is no allegation or proof that the written contract was made under a mutual mistake, nor is there any finding of fraud or other inequitable conduct on the part of the defendant. If such testimony could be admissible under the pleadings without amendment, and the learned special term had found that there was an oral contract, which, by mutual mistake, was not expressed in the written contract, then it might have decreed reformation; or if the learned special term had found that the defendant, by any inequitable conduct on his part, had brought about the execution of the written contract, then it might have interfered (Haviland v. Willets, 141 N. Y. 35, 50, 35 N. E. 958; Greene v. Smith, 160 N. Y. 533, 55 N. E. 210; Griswold v. Hazard, 141 U. S. 260, 11 Sup. Ct. 972, 999, 35 L. Ed. 678); but, in view of the fact that the plaintiff testified that he executed the written contract, and also testified that the minds had previously met on a different oral contract, I think that the learned special term could not, under the findings that the written contract was duly executed and delivered, and that the minds of the parties never met, proceed virtually to reform the contract so as to make it express the intention of the plaintiff alone, or annul it merely upon the principle that the plaintiff could be relieved under a mistake of law."

The amendment which has been allowed consists in the insertion in the complaint of allegations charging fraud and other inequitable conduct on the defendant's part, and also asserting that the written contract was executed by mutual mistake, and in the additional prayer for relief that the contract be either reformed or canceled. A new cause of action is not substituted, nor is the character of the cause of action changed. The purpose of the action still is, as it always has been, to redeem the shares of stock, and to procure their return to the plaintiff upon payment by him of the alleged loan, and the amendment seeks to destroy the bar which the absolute assignment imposes to that purpose. As was said by Mr. Justice Bradley in a very similar case (Marsh v. McNair, 40 Hun, 216, 219) :

"The plaintiff's proposed amendment is to insert that the assignment was, by mutual mistake of the parties to it, drawn and executed in absolute form, and some other matters incidental to such allegation. The purpose of the action and the character and intent of the relief will not be changed by the proposed amendment; but it is, nevertheless, of vital importance within the holding of the court, because without amendment the plaintiff can have no standing with her action in court. * * * In the case at bar no change in the subject of the action, its purpose, or relief is sought by the amendment, but the new allegations are necessary to permit the introduction of evidence to establish the cause of action."

The learned counsel for the appellant claims that the motion could be granted only upon condition that the plaintiff pay all the taxable costs and disbursements to date. This was the ruling in Bates v. Bank, 43 App. Div. 321, 60 N. Y. Supp. 313, and in Thilemann v. City of New York, 71 App. Div. 595, 76 N. Y. Supp. 132; but the

cases differ from the one at bar. In the Bates Case, after a trial upon one theory failed, the litigant sought by amendment to present a new issue and to retry the case on a different theory. The result was, in the court's opinion, to require two trials upon entirely different causes of action. The court said, in reference to the rule that all costs and disbursements should first be paid (page 324, 43 App. Div., and page 315, 60 N. Y. Supp.):

"The justice of this rule is well illustrated in this case. The defendants were forced to make the fight on the lines laid down by the plaintiff, and the court of appeals has held there can be no recovery on that cause of action. The defendants have been put to the costs in the effort to vindicate their position, and, if the plaintiff desires to try another cause of action, then he should first make the defendants whole for what they have already incurred to the extent of the taxable costs and disbursements."

So in the Thilemann Case the effect of the amendment was to present a new cause of action. The court said (page 597, 71 App. Div., and page 134, 76 N. Y. Supp.):

"The amendment allows an entirely new cause of action, based upon the negligence of the officers of the defendant, of which the defendant had no notice in the complaint as originally served. The defendant should be placed in the same position as to costs as if this action had been discontinued and a new action commenced."

In this case the defendant made no objection to the receipt of oral evidence of the facts and circumstances under which the written assignment was executed, and of the previous oral agreement that it was to be as collateral security only, and took no exception to the admission of such evidence. The issue tendered by the amended complaint is, therefore, the same in substance as that which has already been tried. The plaintiff succeeded at the trial presumably because the defendant saw fit to reserve until the appeal the objection that the evidence was inadmissible under the complaint as then framed, and he succeeded on the appeal only because the relief afforded to his opponent at the trial was not justified by the evidence, even assuming such evidence to be competent. The rule, therefore, applicable, is the one which was applied in Marsh v. McNair, supra, where, after a careful collation of the authorities, the costs of the first trial and of the appeal therefrom were excluded from the terms imposed upon the ground that the parol evidence of the negotiations which led to the assignment in that case, and to the effect that the assignment was made as security, was given without objection. In this respect the case differs from Lesser v. Manufacturing Co., 72 App. Div. 147, 75 N. Y. Supp. 486, where the objection to the evidence was promptly taken, and full costs were required as the condition of an amendment designed to obviate its force.

In Baylies, Code Pl. & Forms, 320, the general rule is stated as follows:

"The question as to what terms are to be imposed upon granting leave to amend a pleading depends for its solution upon the circumstances of the particular case at bar, and is a matter resting in the discretion of the court. The authorities are nearly all to the effect that, where the amendment to a complaint substantially changes the nature or subject of the cause of action, such terms should be imposed as will indemnify the defendant for all his taxable costs incurred in the action, provided he has raised the

objection to the defect in the pleading at the first opportunity; but when the litigation has proceeded without reference to the character of the pleadings, that fact is considered in the imposition of terms, and then such rule is not deemed the governing, nor necessarily the guiding, one for the discretion of the court."

The terms herein imposed seem reasonable and sufficient, and the order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.