EDWARD P. DAVIS, Respondent, v. THE REFLEX CAMERA COM-
PANY, Appellant.

*Proof, in an action for money loaned, that another person loaned the defendant
money and had to sue for its recovery, is incompetent — an exception once taken
applies to subsequent questions to the same effect.*

On the trial of an action, brought to recover moneys alleged to have been loaned
by the plaintiff to the defendant, it is improper for the court to allow the
plaintiff to ask a witness called by him as to whether he had loaned the
defendant money from time to time and had kept it going in that way, and
whether he did not have to sue the defendant for the money so loaned. Such
questions are incompetent and improper and will be presumed to have preju-
diced the jury.

An exception to the ruling of a trial judge in allowing an improper question to
be propounded to a witness is, although not repeated, available with respect to
a subsequent substantial repetition of the improper question.

APPEAL by the defendant, The Reflex Camera Company, from a
judgment of the City Court of Yonkers in favor of the plaintiff,
entered in the office of the clerk of said court on the 13th day of
April, 1904, upon the verdict of a jury, and also from an order
entered in said clerk's office on the 8th day of April, 1904, deny-
ing the defendant's motion for a new trial made upon the minutes.

*William Riley,* for the appellant.

*John H. Ferguson [Arthur Rowland* with him on the brief], for
the respondent.

RICH, J.:

The plaintiff brought this action to recover moneys alleged to
have been loaned by him to the defendant, while acting as its
secretary and treasurer. The defendant denied this allegation, and
interposed a defense which it will be unnecessary to mention, in
view of the disposition we are to make of this appeal.

The judgment rendered in favor of the plaintiff upon the verdict
of the jury must be reversed, because of exceptions taken upon the
trial. The plaintiff, after giving evidence tending to show the
amount due and owing, together with an acknowledgment of the
indebtedness by defendant, called his father as a witness, who was

permitted to testify that he loaned the company money from time to time, and was then asked: "And kept it going in that way?" Counsel for defendant objected to this question; the objection was overruled, whereupon an exception was taken, and the witness answered: "Yes, sir." He was then asked: "And you had to sue for your own money, too, Mr. Davis, didn't you?" Counsel for defendant objected to this question as immaterial, irrelevant and incompetent and not within the issue. The objection was overruled and an exception was taken by the defendant. Plaintiff's counsel then asked: "You had to sue for part of your money?" and the witness answered, "Yes, sir." No objection was taken to the last question, but it was a substantial repetition of the one preceding, and the objection and exception are available. This evidence did not tend in any way to prove the alleged indebtedness to the plaintiff, or to corroborate the testimony he had given. It might easily have prejudiced the jury, and the presumption is that it did. The evidence was clearly incompetent and improper, and its admission was error. Other exceptions were taken to the admission of evidence upon the trial, and to the charge to the jury, but as the judgment is to be reversed for the reasons already stated, it is unnecessary to discuss them.

Judgment and order reversed, with costs.

HIRSCHBERG, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred.

Judgment and order of the City Court of Yonkers reversed and new trial ordered, costs to abide the event.