(114 App. Div. 814)

### DAVIS v. REFLEX CAMERA CO.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

COSTS—APPEAL—COSTS TO ABIDE EVENT.

Where on appeal by defendant a judgment for plaintiff was reversed and a new trial ordered with "costs to abide event," and plaintiff was successful on the second trial, he was entitled to have the costs on appeal taxed to defendant.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 938.]

Appeal from Yonkers City Court.

Action by Edward P. Davis against the Reflex Camera Company. From an order retaxing costs on a judgment by striking out items and reducing the judgment accordingly, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

John H. Ferguson, for appellant.
William Riley, for respondent.

JENKS, J. The appeal is from an order of the city judge of Yonkers retaxing costs on a judgment by striking out certain items taxed by the clerk, and reducing the judgment accordingly. The plaintiff recovered a judgment upon a verdict. Upon defendant's appeal therefrom, and from an order denying defendant's motion for a new trial on the minutes, we reversed the judgment and the order, and ordered a new trial, "costs to abide event." 105 App. Div. 96, 93 N. Y. Supp. 844. On the second trial the plaintiff again recovered a judgment, and thereupon the costs now objected to were taxed. The appellant does not challenge the propriety of the items, but contends that the plaintiff, being unsuccessful on the appeal, is not entitled to tax the costs thereof as the prevailing party upon the new trial. The costs were "to abide the event," and the event is favorable to the plaintiff; that is, he has succeeded in the trial, for there is in the eye of the law but one trial of this action, namely, that which has terminated in favor of the plaintiff. Benjamin v. Ver Nooy, 168 N. Y. 578, at page 583, 61 N. E. 971.

We are of opinion that the taxation by the clerk was correct. Koon v. Thurman, 2 Hill, 357; First N. Bank of Meadville v. Fourth N. Bank of New York, 84 N. Y. 469; Franey v. Smith, 126 N. Y. 658–660, 27 N. E. 559. There is, of course, a distinction between an award of costs in the terms of the judgment in this case and awards of "costs to the appellant or to the plaintiff or the defendant to abide the event."

The order is reversed, with $10 costs and disbursements. All concur.