(Supreme Court, Special Term, New York County. February, 1907.)

PLEADING—AMENDMENT.

A motion to serve an "amended and supplemental answer" will be denied, there being no such pleading recognized; but defendant, to obtain relief, must make two separate, consecutive applications.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 620.]

Action by the Washington Life Insurance Company against Blair T. Scott. On motion to serve an amended and supplemental answer. Denied.

See 103 N. Y. Supp. 1150.

Samuel B. Clarke, for plaintiff.

Gardenhire & Jettmore, for defendant.

LEVENTRITT, J. This is a motion for leave to serve an amended and supplemental answer. No such pleading as an "amended and supplemental pleading" is recognized by the Code. Horowitz v. Goodman, 112 App. Div. 13, 98 N. Y. Supp. 53; Luckey v. Mockridge, 112 App. Div. 199, 98 N. Y. Supp. 335. Even if I were disposed to allow the service of one or the other form of answer, that relief could not follow on this motion, because the proposed answer embraces both amendment and supplement. It is a condition precedent to the right to serve an amended or supplemental pleading that it should be annexed to the motion papers. Luckey v. Mockridge, supra. The proposed answer is neither one nor the other, but a combination of both. The omnibus relief which the defendant seeks on this motion must be made the subject of two separate, consecutive applications.

Motion denied.

---

(52 Misc. Rep. 648)

## HOUSE et al. v. CARR.

(Supreme Court, Special Term, Oswego County. December, 1906.)

APPEAL—AMENDMENT AFTER REMAND—PLEADING—CONDITIONS.

Where it was determined on appeal that plaintiff was not entitled to recover under the allegations of the complaint, plaintiff will be permitted to amend on payment of the taxable costs and disbursements in both the Appellate Division and the Court of Appeals.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4677, 4682.]

Action by Maria House and Cline E. House against Lucian C. Carr, administrator. Motion by plaintiff to amend summons and complaint. Amendment granted on terms.

O. M. Reilly, for the motion.

S. C. Huntington, opposed.

DEVENDORF, J. It has been finally decided herein by the Court of Appeals (House v. Carr, 185 N. Y. 453, 78 N. E. 171) that the plaintiff is not entitled to a recovery under the allegations of the com-

plaint. The defendants were forced to defend on the line laid down by the plaintiff, and have been put to certain costs in the effort to sustain their position. If the plaintiffs desire to try another issue, they should first make the defendants whole for what they have already incurred, to the extent of the taxable costs and disbursements. The plaintiffs now ask to be permitted to amend by making the executrix of the estate of the deceased mortgagor a party plaintiff, and also by inserting an allegation of payment of the mortgage sought to be foreclosed by the statutory proceeding.

I am of the opinion that that changes the nature of the action sufficiently to bring it within the rule stated in Bates v. Salt Springs Nat. Bank, 43 App. Div. 321, 60 N. Y. Supp. 313. Consequently the amendment, if granted, should be upon the terms of payment of the taxable costs and disbursements in both the Appellate Division and the Court of Appeals. Under the authorities I do not understand that there is but little, if any, discretion in this court upon this motion as to the terms to be imposed. The amendment asked for is granted upon the terms above stated.

Motion granted.