## BOX BOARD & LINING CO. v. JOHN H. WIEMERS, Inc.

(Supreme Court, Appellate Term. February 7, 1908.)

PLEADING—AMENDMENT OF COMPLAINT—COSTS.

A motion by plaintiff during trial to withdraw a juror and for leave to amend the complaint is a confession that it cannot recover upon the issue which it tendered, and should be granted only on payment of taxable costs and disbursements to date.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 630.]

Appeal from City Court of New York, Special Term.

Action by the Box Board & Lining Company against John H. Wiemers, Incorporated. From an order allowing plaintiff to amend the complaint, defendant appeals. Order reversed, and motion granted, on payment of costs.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Maurice B. Blumenthal (Daniel W. Blumenthal, of counsel), for appellant.

James S. Lehmaier (William W. Pellet, of counsel), for respondent.

SEABURY, J. In our judgment the costs imposed as a condition of allowing the amendment to the complaint were entirely inadequate. The answer contained not only a general denial, but a counterclaim. The plaintiff had once taken the defendant's default, and the defendant was permitted to have this default opened only upon payment of $55.97 costs, in addition to the payment of the sheriff's charges and the giving of an undertaking in the sum of $2,000 to secure any judgment that might be rendered against the defendant. The action came on for trial, and after the trial had been in progress five hours the plaintiff was permitted to withdraw a juror and apply to the Special Term for leave to amend. The permission to withdraw a juror was granted, without the imposition of any costs, which was itself an indulgence to which the plaintiff was not entitled. Thereafter the plaintiff moved at Special Term to amend its complaint, and the motion was granted, upon the payment of a trial fee and $10 costs. From this order the defendant appeals.

The plaintiff invited the defendant to join issue upon the original complaint. The defendant not only accepted the issue which the plaintiff tendered, but pleaded a counterclaim. The motion by the plaintiff for the withdrawal of a juror and for leave to apply to amend its complaint was a confession that it could not recover upon the issue which it had tendered. The granting of this motion not only permitted the plaintiff to apply to amend its complaint, but prevented the defendant from trying its counterclaim until a new issue should be joined, while during all of this time the defendant's obligation on the undertaking, which it had filed, continued. Under the circumstances disclosed, the motion should have been granted only upon the payment of taxable costs and disbursements to date. Bates v. Salt Springs National Bank, 43 App. Div. 321, 60 N. Y. Supp. 313; Palazzo v. Degnon-McLean

Contracting Co., 115 App. Div. 172, 100 N. Y. Supp. 172; Hayes v. Kerr, 39 App. Div. 529, 57 N. Y. Supp. 323.

The order appealed from is reversed, with $10 costs and disbursements, and the plaintiff's motion to amend its complaint is granted, upon the payment of the taxable costs and disbursements to date, together with $10 costs of this motion. All concur.