### ABBOTT et al. v. MEINKEN.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

1. PLEADING—AMENDED ANSWER—CHANGE IN DEFENSE.
   Under Code Civ. Proc. § 723, allowing the amendment of pleadings, where it does not substantially change the defense, by conforming the pleadings to the facts proved, it was error to allow defendant to amend his answer generally by including amended or additional counterclaims.

2. SAME—LITIGATED MOTIONS—NOTICE—TRIAL.
   A motion by defendant for leave to amend his answer by adding amended or additional counterclaims not being such as is authorized by Code Civ. Proc. § 723, allowing amendments which do not materially change the defense, such motion should have been noticed for the special term hearing litigated motions; and it was error for the special term for the trial of issues to grant such motion.

3. SAME—SERVICE OF PLEADING BEFORE HEARING.
   It was error for a court to allow a motion to amend an answer without the proposed amended pleading being served at the time of the motion,

since the court should have the pleading before it, to ascertain whether or not it should be granted.

Appeal from special term, New York county.

Action by Philip H. Abbott and others against Henry Meinken. From an order allowing defendant leave to file an amended answer, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

George Putnam Smith, for appellants.
Claude Gignoux, for respondent.

INGRAHAM, J. This action coming on for trial at part 3 of the special term,—a branch of the court for the trial of equity causes,—and the defendant having moved to amend his answer, it was ordered that the said motion be granted, and the defendant granted leave to amend his answer generally, including amended or additional counterclaims, upon condition that the defendant should pay certain costs. There were no facts stated to the court, so far as appears, to justify the court in exercising its discretion in allowing the service of an amended answer. The amended answer allowed substantially changes the defense, by allowing the defendant to amend the answer in such a way as the defendant deems proper, and to include amended or additional counterclaims. We think this is not such an amendment as the court had power to grant upon the trial. That power is regulated by section 723 of the Code, which provides for allowing certain amendments by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case, or, "where the amendment does not change substantially the claim or defense, by conforming the pleading or other proceeding to the facts proved." This amendment is not within any of the provisions of this section. So far as appears, there were no facts proved, but the amendment substantially changed the defense. In the distribution of business in this district, it has been found necessary to establish certain special terms for the hearing of litigated motions, and certain other special terms for the trial of issues; and the special rules of practice for this district regulate the method by which business shall be transacted in the various parts of the special terms. Where a motion is made to amend a pleading which involves an amendment other than that authorized to be made upon the trial under section 723 of the Code, before cited, the orderly transaction of business requires that that motion should be regularly noticed for the special term for the hearing of litigated motions, based upon facts which justify the granting of the relief asked for, which must appear by affidavit. These rules and their enforcement have been found necessary for the proper transaction of business, and this order was made in violation of the provisions of the rule before referred to. There is no doubt of the power of the court at special term to allow such an amendment as was here allowed, but the application was made upon the trial of the action

at the court organized for the trial of actions, and not at the court organized for the hearing of litigated motions.

We also think the court below erred in granting an unlimited power to amend, without the service of the proposed amended pleading at the time the application was made. In the exercise of the discretion of the court allowing an amendment, it is quite necessary that the court should have before it the amended pleading, so that it can be clearly ascertained whether or not an amendment should be allowed.

We think, therefore, the order appealed from should be reversed, with $10 costs and disbursements. All concur.