(71 App. Div. 595.)

THILEMANN et al. v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. PLEADINGS—AMENDMENT—CHANGING CAUSE OF ACTION.
   The special term, on a motion regularly made, may allow amendment of complaint, substantially changing the cause of action, though the court on the trial could not do so.
2. SAME—SUFFICIENCY OF AMENDMENT.
   Whether amendment of complaint sets forth facts necessary to sustain recovery will not be determined on appeal from order allowing the amendment.
3. SAME—COSTS.
   Plaintiff, as condition to amendment substituting an entirely new cause of action, should pay costs to date.

Appeal from special term, New York county.

Action by Frederick Thilemann and another against the mayor, aldermen, and commonalty of the city of New York. From order granting leave to serve amended complaint, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

Chase Mellen, for appellants.
L. Laflin Kellogg, for respondents.

INGRAHAM, J. This appeal is from an order allowing the plaintiffs to serve an amended complaint by which there was added a new cause of action for the amount sought to be recovered by the first cause of action, but upon a different theory. By the first cause of action the plaintiffs seek to recover the difference between the filling actually furnished under the contract and that certified to by the engi-

neer, based upon an allegation that the engineer or inspector in charge of the work had made and filed "a wrong, false, and untrue certificate, and have made a certificate in bad faith, and under a misconstruction of said contract, in that said certificate does not contain fifteen thousand (15,000) cubic yards of filling actually furnished under said contract, and for which plaintiffs are entitled to payment according to the terms thereof." The second cause of action seeks to recover for the same 15,000 cubic yards of filling, based upon an allegation that the plaintiffs were hindered, delayed, and impeded, and put to large loss, damage, and expense, and increased cost, in the performance thereof, by reason of the wrongful and negligent acts and omissions of the defendants, its officers and agents, in failing, after notice, to repair and keep in repair their water mains and water pipes, and permitting large leaks therein to exist, whereby the filling placed on said work under said contract was washed away and wholly lost and destroyed, and the plaintiffs were compelled to furnish a greater amount of filling under their contract than they would have otherwise been compelled to furnish if the same had not been allowed by the defendants. Upon the first trial of the action the plaintiffs recovered upon the first cause of action, and upon appeal to this court that judgment was reversed, one of the grounds being that there was no allegation in the complaint that would justify a recovery upon the theory that the defendants had been negligent in allowing the leaks from the water pipes to wash away the filling placed by the defendants (66 App. Div. 455, 73 N. Y. Supp. 352); and it was to remedy this defect in the pleadings pointed out by this court that the motion was made.

We see no reason to interfere with the exercise of the discretion by the court below in allowing the amendment. The appellants seem to rely upon the fact that the amendment substantially changed the cause of action pleaded, and that the court had, under the Code, no authority to allow such an amendment. This, however, confuses the power of the court at special term upon a motion regularly made, and the power of the court upon the trial of the action. It is only upon the trial of the action that the power of the court to allow an amendment is limited to an amendment which does not substantially change the cause of action, and while it might be that the court, upon the trial, would not have had the power to allow this amendment, the power of the courts at special term is not so limited. It is also claimed that this new cause of action is demurrable upon the ground that there is no evidence that this claim was presented to the comptroller for adjustment 30 days before the action was brought to recover the amount claimed. Upon a motion of this kind, we are not disposed to subject the amendment to such a scrutiny as would be required upon a demurrer to the cause of action pleaded. An amendment was necessary to present upon the new trial the right of the plaintiffs to recover for the filling that they were compelled to furnish to repair the damage caused by a negligent act of the defendants in permitting its water mains to leak so that the plaintiffs' work was interfered with, and whether that cause of action was based upon the contract, or upon the negligence of the defendant, I can see no reason why it should not be properly presented by the pleadings, and the liability of

the defendant, if any, to the plaintiffs, finally determined. The question as to whether the second cause of action sets forth the facts necessary to sustain the plaintiffs' recovery can be determined either by a demurrer or upon the trial, and it would not be proper to determine it upon an appeal from this order.

We think, however, that the plaintiff should have been required, as a condition of allowing this amendment, to pay all the costs of the action. The amendment allows an entirely new cause of action, based upon the negligence of the officers of the defendant, of which the defendant had no notice in the complaint as originally served. The defendant should be placed in the same position as to costs as if this action had been discontinued, and a new action commenced. The plaintiffs should therefore be required to pay all the costs of this action to date.

The order appealed from should be modified as herein indicated, and, as modified, affirmed, without costs. All concur.