### LESSER v. GILBERT MFG. CO.

(Supreme Court, Appellate Division, First Department. May 16, 1902.)

1. MASTER AND SERVANT—PLEADING—ANSWER—AMENDMENT.
    Where the defendant in an action for the wrongful discharge of a servant does not plead matters in justification, it is error to refuse to allow him to plead such matters by way of amendment, when objections are first interposed to evidence in justification.

2. SAME—ISSUE—FAILURE TO PLEAD.
    Where evidence of justification for the discharge of a servant is received without objection in an action for such discharge, such evidence should be submitted to the jury, though there is no plea of justification.

3. APPEAL—PLEADING—AMENDMENT.
    Where the objection that a proposed amendment to an answer was not served with the moving papers is not raised in the special term on application to be allowed to amend, it will not be considered on appeal.

Appeal from special term, New York county.

Action by Walter A. Lesser against the Gilbert Manufacturing Company. From an order denying a motion for leave to amend the answer the defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

George Zabriskie, for appellant.
Daniel P. Hays, for respondent.

HATCH, J. By this action the defendant seeks to recover damages for the breach of a contract of employment, in the sum of $4,925. The complaint avers the material provisions of the contract, due performance thereof by the plaintiff, and the breach of the same by the defendant, in discharging the plaintiff without any just cause therefor. The answer admitted the contract, and the discharge of the plaintiff, and denied due performance by the plaintiff of his contract. There was no averment of new matter in justification of the discharge contained in the answer. Upon the trial, evidence tending to show justification for the discharge was offered by the defendant, and, upon the objection of the plaintiff, such proof was excluded,

as not being within the issue presented by the pleadings. It does not seem necessary to express any opinion as to whether the answer was in fact sufficient to permit such evidence to be given. The defendant seemed to concede upon the argument that the answer was insufficient, and this application was addressed mainly to the favor of the court, for the granting of the relief asked. When the testimony sought to be elicited was excluded, the defendant made immediate application for leave to amend the answer by setting up the grounds upon which the defendant acted in discharging the plaintiff; the specific matter in which the defendant desired to amend being then and there stated. The court thereupon denied defendant's application to amend, and the trial proceeded. At the close of the proof the defendant again made a motion to dismiss. The court denied the motion, stating that it had no power to grant it, and that the defendant must apply at special term for the relief which it asked. Thereupon the case was submitted to the jury, who found a verdict in favor of the plaintiff. Thereafter the defendant made a motion at a special term, based upon affidavits and a portion of the testimony taken upon the trial, for leave to amend the answer in the respect heretofore mentioned. This motion was denied. The denial seems to have been based upon the ground that the defendant declined to amend his answer on the trial, and, having elected to proceed with the trial upon the pleadings as they were, it was bound by such election, and on account thereof the motion was denied. It is evident that the court was clearly mistaken as to the facts. The defendant, as before observed, made immediate application to amend, and did everything which lay within its power to secure that result, but the court denied all of its applications. No estoppel, therefore, could arise upon any election which the defendant had made. We think the motion should have been granted at the trial, and failing that, at the special term. The present record shows that considerable testimony was offered, and received without objection, tending to show that the defendant was justified in discharging the plaintiff from his employ. This testimony was therefore in the case, and ought to have been submitted to the jury for their consideration. Whether it was or not, this record does not disclose; but inasmuch as this issue had been injected into the case, whether permissible, under the pleadings, or not, the defendant should not have been summarily cut off from making the further proof upon that subject of which it claimed to be possessed. If it had a good defense, in view of the circumstances which occurred, it should have been permitted to have its pleadings amended so as to make it available. The plaintiff did not claim that he would be surprised by reason of the amendment; nor does it otherwise appear that he would be prejudiced in any way, or deprived of any proof which was available to him, bearing upon such issue. If he had made such claim, the court had ample power to protect it. In any view, it seems clear that the defendant should have the relief which it asked, and should not now be denied its right thereto by any failure of the court to fairly comprehend what the real facts

were when the motion was decided. The defendant, however, should be compelled to pay all costs and disbursements after the notice of trial, as a condition of having leave to amend. No point is available to the plaintiff that the proposed amended answer was not served with the motion papers. It nowhere appears that any such objection was taken below, and, in order that such question might be available, it was necessary to raise it at the special term. Besides, the amendment was stated in express language when the application was made to amend, and in all substantial particulars it appears in the moving papers that the plaintiff and the court were fully apprised of the nature of the amendment. Abbott v. Meinken, 48 App. Div. 109, 62 N. Y. Supp. 660.

It follows that the order should be reversed, and the motion granted, upon the payment of all costs and disbursements. by the defendant after notice of trial. No costs upon this appeal should be allowed to either party. All concur.