(87 App. Div. 163.)

## PICKRELL v. MENDEL.

(Supreme Court, Appellate Division, First Department. October 23, 1903.)

1. ACTIONS—TRIAL—SUPPLEMENTAL PLEADING—LEAVE TO FILE—TERMS.

> Plaintiff sued defendant to recover certain moneys alleged to have been misappropriated by defendant as the property of a corporation, and alleged that defendant owned a controlling interest, and that after demand the corporation had refused to bring the suit. Defendant answered, admitting that he received the money, but alleged that the same was taken for services. After the case was at issue and had been set for trial, at a meeting of the stockholders a resolution was passed recognizing defendant as a creditor in a larger amount than that sued for, and crediting the amount appropriated by defendant on such indebtedness; whereupon defendant moved for leave to file a supplemental answer, setting up an accord and satisfaction. *Held*, that an order permitting such matter to be pleaded should only be granted on condition that defendant pay all the costs and disbursements of the action accrued to the time of the motion, and with leave to plaintiff to discontinue without costs, at his election.

Appeal from Special Term, New York County.

Action by Percy A. Pickrell against Charles L. Mendel impleaded with others. From an order allowing defendant, Mendel, to serve a supplemental answer, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

L. M. Berkeley, for appellant.

William M. Coleman, for respondent.

PATTERSON, J. The plaintiff appeals from an order permitting the defendant, Charles A. Mendel, to serve a supplemental answer to the complaint. The affidavit upon which the motion for leave to serve the pleading was founded was made by the attorney for the defendant, but all the facts stated in that affidavit as grounds for the application were within the personal knowledge of the affiant. The plaintiff sued to recover from Mendel certain moneys belonging to the America's Historic Families Publishing Company, which it was alleged Mendel had misappropriated. The complaint also alleged that Mendel was a large stockholder in the corporation, and by means of the stock which he owned, and certain other stock which he influenced, was in control of it, and that the corporation had refused and neglected, after demand made by the plaintiff, to bring a suit to recover the amount so misappropriated. The defendant, Mendel, in his answer admitted that he applied certain money belonging to the corporation to his own use, and alleges that he took such money as compensation for services, but denies that the taking was wrongful, or constituted a conversion or embezzlement of the same. The case was at issue, was on the day calendar for trial, and was set down for trial for a particular day. Thereafter a meeting of the stockholders of the company was held, and at such meeting a resolution was passed by which it was recognized that Mendel was a creditor of the corporation in a much larger amount than that for which he was sued in this action, and the stockholders accepted a proposition that the money which Mendel had er-

roneously paid to himself out of the funds of the company should be credited on an indebtedness of the company to him, and he claims that thus an accord and satisfaction of the claim set up in the plaintiff's complaint was operated.   The motion for leave to file a supplemental answer, setting up this accord and satisfaction, was granted on the payment of $15 costs—an amount utterly inadequate to indemnify the plaintiff for the expenses to which he was necessarily put in bringing and maintaining this action and preparing it for trial.   This new matter having arisen after the case was upon the calendar and ready for trial, if the defendant, Mendel, is to be allowed to avail himself of it as a defense to the action at this late stage, the plaintiff should receive all the indemnity that can be allowed.   Therefore, the order will be modified, by requiring the defendant, Mendel, as a condition for leave to serve a supplemental answer, to pay, within 20 days from the service of a copy of the order to be entered on this appeal, the costs and disbursements of the action accrued up to the time the motion was made; and the order should also provide that the plaintiff have leave to discontinue the action, if he so desires, without costs.

As thus modified, the order will be affirmed, without costs to either party of this appeal.   All concur.