between the Battery and Grand street, on the East river, and the Battery and West Sixty-Second street, on the North river. See charter of 1897, p. 291, § 819. Furthermore, I think this power to alter and amend the plan of 1871 is limited to alterations and amendments within the limits of water front indicated on that plan, to wit, from West Sixty-Second street, on the North river, to the Battery, and thence to Grand street, on the East river. I am confirmed in this opinion by the fact that the same section (819) contains a special provision allowing a change of pier lines as far north as West Seventieth street, a part of the territory covered by the act of 1868. In view of the foregoing, I conclude that the plan of May 17, 1901, was unlawfully determined upon and adopted, and from that action the defendant can gain no right to cancel the plaintiff's lease, and the various steps pleaded as taken to accomplish that end were ineffective for that purpose; and therefore, although all the allegations of fact in this separate defense may be true, they would still be insufficient on their face as a defense to the cause of action set forth in the complaint.. The demurrer to these defenses is therefore sustained, with costs.

Demurrer sustained, with costs.

---

(92 App. Div. 440.)

STEINBACH v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, First Department.  March 18, 1904.)

1. AMENDMENT OF COMPLAINT AFTER SUCCESSFUL APPEAL BY DEFENDANT—
TERMS—AMOUNT OF COSTS.

In an action against an insurance company by the holder of a policy to reform it so as to make it payable to plaintiff, the company moved to dismiss because no one representing the assured was made a party. The denial of this motion was affirmed by the Supreme Court, but upon an appeal to the Court of Appeals was reversed, and a new trial granted, with costs to abide the event. Thereupon plaintiff moved to bring in a representative of the assured. *Held*, that the payment of $50 costs was adequate terms to be imposed on granting the motion.

Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by Caroline Steinbach against the Prudential Insurance Company of America. From an order granting plaintiff's motion to amend the summons and complaint, defendant appeals. Modified.

See 70 N. Y. Supp. 809.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William O. Campbell, for appellant.

Walter Large, for respondent.

PATTERSON, J. The plaintiff was the holder of a policy of insurance upon the life of one Max Fehrman, now deceased. That policy was made payable "unto the executors, administrators, or assigns" of the person named as the insured in the policy, that person being Max Fehrman. This action was brought to have the policy reformed by

substituting for the words quoted the following: "unto Caroline Lampp [the plaintiff], her executors, administrators, or assigns." In the action as it was constituted, no one representing the interest of Fehrman was made a party. At the trial a motion was made to dismiss the complaint, for the reason that no one representing the assured named in the policy was before the court. That motion was denied, and on appeal to this court the ruling of the trial court was sustained (70 N. Y. Supp. 809); but on appeal to the Court of Appeals (65 N. E. 281) that tribunal held that the representatives of Fehrman were necessary parties, and that without them the action could not be maintained. Therefore the judgment of the Special Term was reversed, and a new trial was granted, with costs to abide the event. Thereupon the plaintiff made the present motion to bring in the representative of Fehrman, which was granted on the payment of $10 costs.

The only matter to be considered now relates to the terms imposed for allowing the amendment; and we think they are altogether inadequate. By the decision of the Court of Appeals, costs are not absolutely given to the defendant. They are to abide the event. The defendant has litigated a question involved in the case from the time of the trial until the decision by the Court of Appeals, and upon that question it has been successful. Now, it is sought to change the case in the aspect in which it was disposed of by the Court of Appeals, and to deprive the defendant of the benefit of its appeals, simply upon the payment of $10. That the amount involved in the action is small cannot affect the right of the defendant to some indemnity for the expense it has been put to in prosecuting its several appeals. The order should therefore be modified by requiring, as a condition for granting the motion, the payment of $50. As thus modified, the order should be affirmed, without costs of this appeal.

HATCH and LAUGHLIN, JJ., concur.

INGRAHAM, J. (dissenting). I concur with Mr. Justice PATTERSON in allowing the amendment, but I do not think the terms upon which it is to be allowed are sufficient. The plaintiff was not entitled to any relief upon the cause of action alleged as determined by the Court of Appeals. The defendant, therefore, is now entitled to a dismissal of the complaint, which would cover costs of the action, including costs of the two appeals. If the plaintiff is now permitted to amend so as to obviate the objection that has been held to be fatal to any recovery, the defendant should certainly be allowed the costs of the action, including the costs of appeal, and I think that the payment of such costs should be the condition upon which the amendment is allowed.

VAN BRUNT, P. J. I dissent. It seems to me the height of injustice to impose only $50 costs as terms of amendment, when by such amendment there may be imposed on the defendant costs and disbursements for hundreds of dollars in respect to proceedings in which it has been successful.