(99 App. Div. 267)

### JONES et al. v. JONES et al.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. PLEADINGS—SUPPLEMENTAL ANSWER—RIGHT TO SERVE.

In a suit relating to real estate which plaintiff claimed, the General Term entered a judgment appointing a referee, before whom the parties were required to account, and directing final judgment for plaintiff for the relief demanded. For several years the proceeding was pending before the referee, and, when the reference was about terminated, defendants sought to file a supplemental answer relating to conveyances of the property by the original defendants, whose representatives were before

the court subsequent to the commencement of the action, without alleging that the conveyances were made for a valuable consideration and without knowledge of the action. *Held*, that the application for leave to file such answer was improperly granted, the allegations in the answer not being essential to a proper determination of the suit.

2. SAME.

Where, on an application for an order adding a person as a party defendant, the original defendants insisted that the person could not be added as a party without the service of a supplemental summons and complaint, and the court ruled that it was not necessary to serve the same, defendants, if desiring to insist on their right to serve a supplemental answer, should have appealed, and they could not subsequently apply for leave to file a supplemental answer.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Mary Jones, individually and as administratrix and others, against Adelaide Jones and others. From an order allowing certain defendants to serve a supplemental answer, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Edward M. Shepard, for appellants.
Jacob F. Miller, for respondents.

INGRAHAM, J. This action was commenced on September 30, 1875. Subsequently the case was brought on for trial at Special Term, and the complaint dismissed; but upon appeal to the General Term the judgment was reversed, and upon the findings of the trial judge an interlocutory judgment was entered appointing a referee, before whom the parties were required to account, and which directed that after that accounting final judgment should be entered in favor of the plaintiff for the relief demanded in the complaint. Since that time this proceeding has been pending before the referee. It would appear that all of the parties to the original action are long since dead. The question in controversy relates to certain real estate to which the original plaintiff claimed to be entitled. Considering the proceeding that has been taken in this case, and the long delay in its prosecution, and the fact that these defendants have had for years an opportunity to make this application, I do not think that, when the reference has about terminated, entirely distinct issues should be injected, which would cause additional delay in its final disposition. The facts sought to be alleged by this supplemental answer relate to conveyances or transfers of this property in question by the former defendants, whose representatives are now before the court, subsequent to the commencement of the action and the entry of the judgment dismissing the complaint. It is not alleged in the supplemental pleading that these conveyances were made for a valuable consideration and without knowledge of the pendency of this action; nor is it alleged that, by these conveyances or transfers of property, persons not parties to the action have acquired an interest in the property. It is not perceived how these conveyances or transfers can affect

the right of the plaintiffs to a final judgment in this action in accordance with the decision of the General Term. All the rights of these defendants having accrued subsequent to the commencement of the action, they would be subject to the judgment entered therein; and, as I view it, none of these facts alleged in the supplemental answer are material upon the question as to what relief the plaintiffs will be entitled to in this action. The laches of these defendants in making this application should certainly be considered. When, in October, 1903, the application was made at Special Term for an order adding as a party defendant Mary G. Jones, who had been appointed administratrix of John Jones, deceased, they were bound then to insist upon their right to serve a supplemental answer, if one was necessary for the protection of their interests. They then insisted that the administratrix could not be added as a party defendant without the service of a supplemental summons and complaint. When that was denied, if these defendants intended to insist upon their right to serve supplemental pleadings, they should have appealed from that order. There is no reason why the litigation in this case, which has been pending for so many years, should not now be determined; and it is apparent, as far as I can understand the questions involved in this action, that all of the questions sought to be injected in the action by this supplemental answer can be determined in the other actions pending, the final disposition of which has been held to abide the final judgment here. It is quite unnecessary to detail the reasons that have influenced us in arriving at the conclusion that these facts sought to be alleged can have no influence upon the judgment to which the plaintiff would be entitled under the decision of the General Term; and without determining whether or not in a case where there had been no laches, and where a party had moved promptly for the purpose of setting up these facts, such a supplemental answer would be allowed, in view of the delay and the failure of the defendant to move at a proper time, and before the proceedings for an accounting had been substantially finished before a referee, it is sufficient to say that, as we do not consider that this supplemental answer is essential to a proper determination of the cause of action which has been tried and substantially determined, we conclude that at this time this application should not have been granted.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

O'BRIEN, McLAUGHLIN, and HATCH, JJ., concur. VAN BRUNT, P. J., dissents.