(98 App. Div. 316)

### BRUNS v. THE BROOKLYN CITIZEN.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. PLEADING—AMENDMENT—TERMS.

> Where, in an action for libel, defendant's original answer did not plead justification, defendant was only entitled to amend its answer, setting up justification after a trial resulting in a disagreement of the jury, on payment of costs incurred prior to the granting of the application.

Appeal from Special Term, Kings County.

Action by Laura B. Bruns against the Brooklyn Citizen. From an order permitting defendant to amend its answer without terms, plaintiff appeals. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Justin S. Galland, for appellant.
Henry E. Heistad, for respondent.

PER CURIAM. The action is for libel, and the answer which raised the issues presented upon the first trial, which resulted in a disagreement of the jury, did not plead justification. Subsequent to the trial the defendant made a motion for leave to serve an amended answer setting up justification. The court granted the motion, but imposed no terms as a condition. The plaintiff appeals from the order.

We think that the learned court at Special Term did not abuse its discretion in permitting the defendant to present the new issue, but terms should have been imposed. It is the uniform practice that such an amendment will be granted only upon payment of the costs of the action antecedent to the granting of the application. Thilemann v. Mayor, etc., 71 App. Div. 595, 76 N. Y. Supp. 132;

¶ 1. See Pleading, vol. 39, Cent. Dig. § 630.

Lindblad v. Lynde, 81 App. Div. 603, 81 N. Y. Supp. 351; McEntyre v. Tucker, 40 App. Div. 444, 58 N. Y. Supp. 146; Bates v. Salt Springs National Bank, 43 App. Div. 321, 60 N. Y. Supp. 313.

The order should be modified in this particular, and, as modified, affirmed, without costs of this appeal.