(54 Misc. 76)

## ROSENBAUM v. BRESLAUER.

### (City Court of New York, Special Term. January, 1907.)

1. PLEADING—SUPPLEMENTAL ANSWER—LACHES.

Leave to serve a supplemental answer setting up a release of the claim will not be denied on the ground of laches; the case, though "ready," not having been reached, and it not appearing that plaintiff has been prejudiced by the delay.

2. SAME—AFFIDAVIT IN SUPPORT OF MOTION.

The affidavit in support of a motion for leave to serve a supplemental answer setting up a release of the claim may be made by defendant's attorney, it containing only allegations concerning the condition of the pleadings, and that in preparation for the trial he learned of the release, and that it is in his possession.

3. SAME—CONDITIONS ON GRANTING LEAVE.
   A motion for leave to serve a supplemental answer setting up a release of the claim is properly granted on condition of payment of costs to time of application.

Action by Simon Rosenbaum against Henry Breslauer. Defendant moves for leave to serve supplemental answer. Motion granted.

M. D. Stuerer, for plaintiff.
Mayer & Gibbert, for defendant.

WADHAMS, J. Motion is made for leave to serve a supplemental answer. The motion is opposed on two grounds: First, laches; and, second, that the affidavit in support of the application should be made by the party, and not by the attorney. The action is for damages by reason of an alleged false imprisonment. The supplemental answer submitted pleads a general release under seal.

The plaintiff cites Jones v. Jones, 99 App. Div. 267, 90 N. Y. Supp. 1002, in support of his first contention. In that case there were other and controlling reasons for denying the motion. The facts sought to be alleged by the supplemental answer in that case related to conveyances subsequent to the entry of the judgment dismissing the complaint. Mr. Justice Ingraham, at page 268 of 99 App. Div., page 1004 of 90 N. Y. Supp., says:

"As I view it, none of the facts alleged in the supplemental answer are material upon the question as to what relief the plaintiff will be entitled to."

But in this case the facts alleged in the answer would be a complete bar to the cause of action. In such case laches are not necessarily fatal to the motion. In Varriale v. Met. St. Ry., 54 App. Div. 633, 66 N. Y. Supp. 559, Mr. Justice Ingraham, for the court, says:

"The plaintiff in the action has settled with the defendant, and there is no reason why the defendant should not be allowed to set up by way of supplemental answer the fact of such settlement. The laches are not such as to justify the court in denying the motion. The case has not yet been reached for trial, and there is no evidence that the plaintiff's attorneys have sustained any injuries in consequence of the delay in making this motion."

The plaintiff contends that this case is not controlling, because it appears that this cause has been set down for trial and would have been reached, but for the stay in the order to show cause upon which this application is made. The argument is based upon the language, and not the substance, of the decision. Moreover, the case, although "ready," has not in fact been reached, and it does not appear that plaintiff has in any way been prejudiced by the delay.

In support of the second objection plaintiff cites Mut. Loan Ass'n v. Lesser, 81 App. Div. 138, 80 N. Y. Supp. 1112, Tompkins v. Continental Nat. Bank, 71 App. Div. 330, 75 N. Y. Supp. 1099, and Ryan v. Duffy, 54 App. Div. 199, 66 N. Y. Supp. 649, in which the familiar rule is stated that motions for leave to serve an amended pleading upon the ground that the facts sought to be set up have come to the knowledge of the party since the last pleading must be made upon the affidavit of the party himself. In such case the affidavit of the attorney is insufficient, as it does not show that the party him-

self was ignorant of such matters at the time of the original pleading. In this case the motion is not based upon an excuse for the delay, but upon the alleged fact of settlement. The proposed answer verified by the defendant alleges that "subsequent to the serving of the answer herein * * * the plaintiff and the defendant adjusted all their differences, and the plaintiff executed, acknowledged, and delivered to this defendant an instrument under seal, a true copy of which is as follows," and incorporates the general release. The affidavit of the attorney contains only allegations concerning the condition of the pleadings, and states that in preparation for trial he learned of the general release and that it is in his possession. In Pickrell v. Mendel, 87 App. Div. 163, 84 N. Y. Supp. 70, on a similar motion, Mr. Justice Patterson said:

"The affidavit upon which the motion for leave to serve the pleading was founded was made by the attorney for the defendant, but all the facts stated in that affidavit as grounds for the application were within the personal knowledge of the affiant."

There remains the question of terms. In Cogan v. Met. St. Ry., 54 App. Div. 633, 66 N. Y. Supp. 1129, the motion was granted upon payment of costs up to the time of the application. In that case a settlement by the plaintiff with the defendant was alleged, as in this case, and the rule there laid down is controlling.

Motion granted, upon payment of costs to the date of the application within five days; otherwise, denied.