(67 Misc. Rep. 231.)

### LIFSHITZ v. MINSKER INDEPENDENT BENEV. SOCIETY.

(City Court of New York, Special Term. April, 1910.)

PLEADING (§ 239*)—AMENDMENT OF COMPLAINT—CONDITIONS.

> A motion by plaintiff to amend his complaint by setting up defendant's waiver of plaintiff's performance of a condition of the contract sued on, after the withdrawal of a juror at plaintiff's request, should be granted when the nature of the action is not changed, on the payment of a trial fee of $30 and $10 costs of the motion.
>
> [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. § 239.*]

Action by Solomon Lifshitz against the Minsker Independent Benevolent Society. Motion to amend complaint granted.

Selig Edelman, for the motion.
Feltenstein & Rosenstein, opposed.

GREEN, J. This is a motion for permission to amend the complaint in an action brought against the defendant to recover an endowment to which plaintiff claims he is entitled upon the death of his wife, under the constitution of the defendant. The constitution of the defendant provides that "no candidate who is married shall be admitted into the society without his wife," and that "each candidate

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and his wife must be examined by a doctor." There is no provision made in any of the rules, by-laws, or constitution of the defendant as to a member who entered the society when single and afterward married. Such is the case at bar. The plaintiff became a member of the defendant society when single, and some years later married, all of which was known to the defendant society, its officers and agents. The wife was never examined by the doctor for the defendant, and she died six years after her marriage to the plaintiff, and while he was still a member of the defendant society. The plaintiff drew his complaint and proceeded upon the theory that plaintiff's rights accrued as a member before his marriage, and alleged substantially full compliance with the provisions of the constitution and by-laws of the defendant. When the case was called for and proceeded to trial, the learned trial justice admitted the evidence offered by the defendant that the wife had not been examined by the doctor, and plaintiff then sought to introduce testimony showing that he had importuned defendant's officers to have his wife examined by defendant's doctors, but that defendant failed so to do. Upon the attempted introduction of this evidence the trial justice held that this was an attempt to prove a waiver of a condition precedent, and that the complaint was defective in not having alleged a waiver of the matter in question. Plaintiff then moved for permission to amend his complaint accordingly, and upon objection being made by defendant's counsel the motion was denied, and permission was then given for the withdrawal of a juror and for application to be made for the amendment at Special Term. This motion is now before me.

The determination of this motion as to the allowance of the amendment involves an exceedingly simple proposition, requires no research for its correct and proper disposition, and can be disposed of in two words, and consequently the motion to amend the complaint is granted. The question, however, as to the terms upon granting permission for the amendment of the complaint is an entirely different proposition. At the outset of the argument I am confronted with the statement of counsel for the plaintiff that in the imposition of terms the matter is one entirely within the discretion of the court, and by the counsel for the defendant that the amendment may only be granted upon payment of full taxable costs to date and with $10 costs of the motion. Motions of the character of the one at bar are so frequently made that it would seem at first blush that the law and practice are so well settled as to make idle any research upon the subject; but an exhaustive examination of most of the cases has convinced me that the matter is one not alone not well settled, but that they still leave the subject in a most unsatisfactory maze of doubt, and particularly leave the justice at Special Term, before whom the questions of terms must in the first instance come, in a state of absolute uncertainty as to what constitutes the proper and correct exercise of his power. I have had occasion within the past month to pass upon the question of terms in granting an amendment to a pleading (see Dose v. Hirsch Bros., 67 Misc. Rep. 229, 124 N. Y. Supp. 595), and in that case I said:

"While this is a material amendment, in so far as different proof might be necessary to meet either allegation, it is a technical objection viewed in its most favorable aspect; and while I am disposed to grant permission to amend the answer, in view of the many authorities upon the question, it can only be allowed upon payment of full taxable costs to date. I am not in sympathy with my own decision, however, because I believe it to be hard and unjust; but I am constrained to follow the decisions upon the subject of the higher tribunals. I am of the opinion that the question of the terms upon which amendments are allowed should be entirely in the discretion of the justice who grants the amendment, and that no hard and fast rule should be laid down in matters of this character."

Since that decision was handed down and called to the attention of counsel for the plaintiff in the case at bar, he has, nevertheless, urged and insisted that costs upon an amendment of this character are in the discretion of the court, and consequently I have determined to collate the authorities upon the subject, in order to deduce, if possible, a rule for my future guidance in these matters, and to understand where inhibition begins and discretion ends. The power of the court at Trial Term and Special Term to permit an amendment of a pleading is found in section 723 of the Code of Civil Procedure, and that portion of the section material to the discussion of the case at bar is as follows:

"Sec. 723. The court may. upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case, or, where the amendment does not change substantially the claim or defense, by conforming the pleadings or other proceedings to the facts proved."

Viewing this section as remedial, and in the interest of justice, and as enacted for the purpose of the expeditious dispatch of litigation, without hindering technicalities, no happier selection of the use of the English language could well have been employed. This section fairly vibrates with the idea of the discretion reposed to serve the interests of justice, and doubtless the framers of that section felt that they had at last succeeded in doing away with all technical objections, particularly so far as pleadings were concerned, when the case was once called at the bar for trial. The courts proceeded, however, to construe this section, and it becomes necessary in order to ascertain what discretion rests with the Trial and Special Term courts in the matters referred to therein to examine the cases upon the subject. The first case of importance upon the question is the case of Marsh v. McNair, 40 Hun, 216. That case contains a collation of the early authorities upon the subject of the amendment of pleadings, and in it the court said:

"The court may at any stage of the action, in furtherance of justice, and on such terms as it deems just, amend any pleading (Code Civ. Proc. § 723), and such was substantially the provision of the prior Code (section 173) and of 2 Rev. St. 424, § 1. The question is one of discretion, and there is no governing rule furnished by adjudication which excludes the circumstances of each particular case from consideration on such an application."

In this case, supra, there had been two trials, two appeals to the General Term, and one appeal to the Court of Appeals, at the time the motion to amend the complaint was made. The court further said (at page 219):

"The plaintiff's proposed amendment is to insert that the assignment was by mutual mistake of the parties to it drawn and executed in absolute form, and some other matters incidental to such allegation. The purpose of the action and the character and extent of the relief will not be changed by the proposed amendment; but it is, nevertheless, of vital importance within the holding of the court, because without the amendment the plaintiff can have no standing with her action in court. Similar statutes providing for amendments of pleadings have been in existence for more than half a century, and if the courts have adopted a well-defined governing rule applicable to this case in respect to terms upon which they may be granted it must be followed."

The court then proceeded to collate and present the cases theretofore decided, and said:

"The authorities to which our attention has been called quite uniformly are to the effect that, in the allowance of amendments which change substantially the nature or subject of the cause of action, such terms are imposed as may indemnify the defendant for his taxable costs incurred in the action, provided he has raised the objection at the first opportunity; but, when the litigation has proceeded without reference to the character of the pleadings, that fact is considered in the imposition of terms, and then such rule is not deemed the governing nor necessarily the guiding one for the discretion of the court."

All costs in this case prior to the second trial were excluded and costs allowed from and including the second trial to the time of the amendment.

The next important case dealing with this subject was the case of Miller v. Carpenter, 79 App. Div. 130, 80 N. Y. Supp. 82. This was an action brought to procure a reassignment of stock assigned to defendant by an instrument absolute in form, but which plaintiff contended was made pursuant to an oral understanding that the assignment should be collateral security for a loan. The plaintiff established the oral agreement and recovered judgment. Upon the appeal to the Appellate Division the judgment was reversed; the court holding that the plaintiff could not recover in the absence of an allegation or proof that the written assignment was made under a mutual mistake, or in the absence of a finding of fraud or other inequitable conduct on the part of the defendant. The plaintiff thereupon moved to amend the complaint by alleging fraud, mutual mistake, and other inequitable conduct on the part of the defendant, and amending the prayers for relief by asking for either a reformation or cancellation of the contract. The court, at Special Term, granted the motion upon payment of $50 costs, and upon appeal to the Appellate Division the court in affirming the order said that the terms imposed were reasonable and sufficient; that the amendment did not substitute a new cause of action; and that the plaintiff should not be required to pay all the taxable costs of the action to the date of the allowance of the amendment. In this case the court cited a number of authorities bearing upon the question of the imposition of terms upon granting amendments to complaints, and quoted with approval Baylies' Code Pleading

& Forms, page 320, as stating the general rule, also set forth in Marsh v. McNair, supra, as follows:

"The question as to what terms are to be imposed upon granting leave to amend a pleading depends for its solution upon the circumstances of the particular case at bar, and is a matter resting in the discretion of the court. The authorities are nearly all to the effect that where the amendment to a complaint substantially changes the nature or subject of the cause of action such terms should be imposed as will indemnify the defendant for all his taxable costs incurred in the action, provided he has raised the objection to the defect in the pleading at the first opportunity; but, when the litigation has proceeded without reference to the character of the pleadings, that fact is considered in the imposition of terms, and then such rule is not deemed the governing nor necessarily the guiding one for the discretion of the court."

These cases are authority, therefore, for the statement that the rule is well settled that, when a plaintiff applies at Special Term for an amendment to his complaint which materially changes the scope of his action, such amendment will be granted only upon payment of all the costs of the action antecedent to the granting of the application, and this includes all costs of appeal. See, also, Bates v. Salt Springs Nat. Bank, 43 App. Div. 321, 60 N. Y. Supp. 313; McEntyre v. Tucker, 40 App. Div. 444, 58 N. Y. Supp. 146; Cramer v. Lovejoy, 41 Hun, 581; Brady v. Cassidy (Com. Pl.) 13 N. Y. Supp. 824; Frisbie v. Averell, 87 Hun, 217, 33 N. Y. Supp. 1021; Thilemann v. Mayor, 71 App. Div. 595, 76 N. Y. Supp. 132; Dunham v. Hastings Pavement Co., 109 App. Div. 514, 96 N. Y. Supp. 313.

The question, however, which still remains open for consideration, is: What terms should be imposed where an amendment is sought which is vitally necessary to a recovery, or necessary as a defense, and which still changes not the cause of action?

The case of Steinbach v. Prudential Ins. Co. of America, 92 App. Div. 440, 87 N. Y. Supp. 107, was a case in which a motion was made at the trial to dismiss the complaint because of its failure to join a necessary party defendant. The motion was denied. Plaintiff obtained judgment, which was affirmed in the Appellate Division and reversed by the Court of Appeals, upon the ground that without the joinder of the party the action could not be maintained. A motion was then made at Special Term to amend the summons and complaint and to bring in the additional and necessary party defendant, and this motion was granted upon payment of $10 costs. The defendant appealed to the Appellate Division, and the order was modified by requiring payment of $50 costs instead of $10 costs; the court in its opinion stating that, though the amount involved was small, this could not affect the right of the defendant to some indemnity for the expense of prosecuting the appeals. This conclusion was reached by a divided court, Justices Patterson, Hatch, and Laughlin concurring, and Justices Ingraham and Van Brunt dissenting. Mr. Justice Ingraham was of the opinion that defendant should be allowed the costs of the action and the costs of the appeals, and Mr. Justice Van Brunt said it was the height of injustice to impose only $50 costs as terms of the amendment, when, by such amendment, there may be imposed on the defendant costs and disbursements for hundreds of dollars in respect to proceedings in which it had been successful.

In the Thilemann Case, 71 App. Div. 595, 76 N. Y. Supp. 132, the court points out the difference between the power of the court at Trial Term and Special Term to allow an amendment of the complaint. The court, at Special Term, in that case allowed an amendment changing the cause of action, and the defendant denied the power of the court at Special Term so to do. Defendant appealed from the order, and the court said:

"This, however, confuses the power of the court at Special Term upon a motion regularly made and the power of the court upon the trial of the action. It is only upon the trial of the action that the power of the court to allow an amendment is limited to an amendment which does not substantially change the cause of action, and while it might be that the court upon the trial would not have had the power to allow this amendment, the power of the courts at Special Term is not so limited."

In the case of Lesser v. Gilbert Mfg. Co., 72 App. Div. 147, 75 N. Y. Supp. 486, an action for damages for alleged unlawful discharge of an employé, the answer did not allege justification for the discharge, although at the trial defendant attempted to introduce such testimony, to which objection was made by plaintiff. Defendant asked to amend the answer accordingly, which the court denied, although plaintiff did not claim surprise, stating it was without power to grant the amendment. Plaintiff had judgment, and immediately thereafter defendant made its motion to amend the answer, which was denied at Special Term, and the Appellate Division reversed the order and said the amendment should have been granted at the trial, and when denied at the trial the relief should have been granted at Special Term, and allowed the amendment upon payment of all costs and disbursements after notice of trial. In this case all costs were imposed because of the timely objection of the plaintiff to the introduction of the evidence.

In the case of Rosenberg v. Feiering, 124 App. Div. 522, 108 N. Y. Supp. 941, the court held that the imposition of $35 costs upon an amendment of a complaint after trial, and reversed by the Appellate Division, was insufficient, and that all costs to the date of granting the motion should be imposed. The court further held that the discretion exercised in awarding costs, inasmuch as it affects a substantial right, is subject to review where the terms imposed on granting relief may be contrary to those established by law and practice.

In the case of Herbert v. De Murias, 115 App. Div. 453, 101 N. Y. Supp. 381, a second amended answer was permitted to be served upon payment of all costs of the action to date and $10 costs of the motion. So, too, Bruns v. Brooklyn Citizen, 98 App. Div. 316, 90 N. Y. Supp. 701. See, also, Meeks v. Meeks, 79 App. Div. 49, 79 N. Y. Supp. 718.

In the case of Palazzo v. Degnon, 115 App. Div. 172, 100 N. Y. Supp. 681, a negligence action, a juror was withdrawn and a motion made at Special Term to amend the complaint to show particularly the defects complained of. The motion was granted upon payment of $20 costs, and upon appeal to the Appellate Division the order was modified by requiring all taxable costs to date of the motion and costs of the motion to be paid. To the same effect, see Murtagh v. Kings-

land Brick Co., 119 App. Div. 286, 104 N. Y. Supp. 515. Where a supplemental answer setting up new matter was sought to be interposed, the motion was granted at Special Term upon payment of $15 costs. Upon appeal to the Appellate Division the order was modified by granting taxable costs to the date of the motion. Pickrell v. Mendel, 87 App. Div. 163, 84 N. Y. Supp. 70. See, also, Lindblad v. Lynde, 81 App. Div. 603, 81 N. Y. Supp. 351.

In Diebold v. Walter, 83 App. Div. 254, 82 N. Y. Supp. 37, after withdrawal of a juror and a motion made at Special Term to amend complaint, it was granted upon payment of $10 costs. On appeal to the Appellate Division the order was modified to include $30 trial fee as additional costs.

A perusal of these cases cited must necessarily immediately bring to mind the important fact that there is no existing rule, nor any guide for a justice sitting at Special Term, to determine what are the governing characteristics of a case within which lines his discretion shall be exercised so as to be exercised properly, without danger of reversal or modification by the appellate courts. While the law and decisions following the Marsh Case, supra, have not modified the law as there laid down, "that the question is one of discretion, and there is no governing rule furnished by adjudication which excludes the circumstances of each particular case from consideration on such application," still I am forced to the conclusion by an examination of the authorities that the discretion left to the Trial and Special Term justices upon motions of the character of the one at bar exists more in shadow than in substance. That the discretion exists I am satisfied; but as to what is its proper exercise in view of the authorities no judge sitting at Special Term can tell. I am of the opinion that much delay and vexatious litigation would be avoided by the appellate courts leaving the subject of terms absolutely to the Trial or Special Term justice. My experience has convinced me that lawyers who appear for trial are ready to meet the issue, even though they present technical objections to impede the trial, and in most instances they are ready even though an amendment be allowed at the trial. The withdrawal of a juror simply doubles the work of the court, and if amendments were readily allowed, and no costs or terms imposed, the objector would have nothing to gain by pressing the objection, and he would gladly proceed to speedily dispose of the issue as intended under section 723 of the Code. In the case at bar I believe the amendment to be a proper one. I am of the opinion that it could, and should, have been granted at Trial Term; and in view of the authorities, believing that there is still reposed in me some discretion as to the terms upon an application where the nature of the action is not changed, I grant the motion upon payment of a trial fee of $30 and $10 costs of this motion, the amended complaint to be served within six days and the defendant to have six days thereafter to answer, and the cause to retain its place upon calendar. All without prejudice to any proceedings already had.

Ordered accordingly.