JUVE v. PENNSYLVANIA STEEL CO.

(Supreme Court, Appellate Division, Second Department.    April 7, 1911.)

Appeal from Trial Term, Queens County.

Action by Orlavus Juve against the Pennsylvania Steel Company.    From a judgment for plaintiff, defendant appeals.    Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Battle & Marshall (H. Snowden Marshall, of counsel), for appellant.
John H. McIntyre, for respondent.

PER CURIAM.    Judgment and order unanimously affirmed, with costs, on the authority of McGlynn v. Pennsylvania Steel Company (decided herewith) 129 N. Y. Supp. 45.

---

HAMILTON v. MENDHAM.

(Supreme Court, Appellate Term.    April 12, 1911.)

COURTS (§ 189*)—COURTS OF INFERIOR JURISDICTION—CITY COURT—PROCEDURE—AMENDMENT.
    The City Court at Trial Term has no authority to allow an amendment to a complaint which sets up a new cause of action or substantially changes the one pleaded.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from City Court of New York, Trial Term.

Action by Peter Hamilton against Maurice B. Mendham.  From an order of the City Court of the City of New York, permitting plaintiff to amend his complaint, defendant appeals.  Reversed.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Guggenheimer, Untermyer & Marshall (Irwin Untermyer, of counsel), for appellant.
Patrick J. O'Beirne, for respondent.

GERARD, J.  The issues of fact came to trial at a Trial Term of the City Court.  A jury was impaneled.  The complaint did not state facts to constitute a cause of action, in that there was no allegation of negligence on defendant's part.  A motion to dismiss on this ground was made by defendant.  Plaintiff moved for leave to amend his complaint by inserting an allegation of defendant's negligence, and the court granted this motion, making an order to that effect, and setting the case over the term.

The court at Trial Term has not the power to allow an amendment which sets up a new cause of action or substantially changes the one pleaded.  Thilemann v. Mayor, 71 App. Div. 595, 76 N. Y. Supp. 132; Abbott v. Meinken, 48 App. Div. 109, 62 N. Y. Supp. 660; Audley v. Townsend, 126 App. Div. 431, 110 N. Y. Supp. 575; Wheeler v. Hall, 54 App. Div. 49, 66 N. Y. Supp. 257.  The court should have allowed the withdrawal of a juror in its discretion, and the application to amend should have been made at Special Term.

Order reversed, with $10 costs and disbursements.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes