(156 App. Div. 49.)

UNITED STATES DRAINAGE & IRRIGATION CO. v. LUCAS.

(Supreme Court, Appellate Division, Second Department.   March 28, 1913.)

1. PLEADING (§ 239*)—AMENDMENTS—CONDITION.
      Where an answer was not responsive to the entire issue, defendant, who was permitted to withdraw a juror on the day of trial, should be required, as a condition precedent to an amendment thereafter, to pay all the costs of the action antecedent to the granting of the order.
      [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635;  Dec. Dig. § 239.*]

2. APPEAL AND ERROR (§ 883*)—REVIEW—ASSENT TO PROCEEDING.
      Where defendant withdrew a juror at trial, when the court ruled that his answer was not responsive to all the issues, and subsequently ap-plied for leave to amend, he cannot, on appeal by plaintiff from an order allowing the amendment on inadequate conditions, claim that the answer was not insufficient.
      [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3611;  Dec. Dig. § 883.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Westchester County.

Action by the United States Drainage & Irrigation Company against Edwin J. Lucas. From an order allowing defendant to amend his answer on condition, plaintiff appeals. Order modified.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Paul Armitage, of New York City, for appellant.

Alfred H. Appell, of New York City (Thomas A. McKennell, of New York City, on the brief), for respondent.

JENKS, P. J. [1] The appeal raises the single question whether the terms imposed by the Special Term as a condition for an amendment of the answer are just. The action is to recover compensation for work done and for material furnished. At trial, the court ruled that the answer did not join issue upon the quantity of work done. The defendant's motion thereupon made for an amendment of his answer, so that it joined issue in that respect, was denied; but he was permitted to withdraw a juror in order that he might apply at Special Term. That court granted the motion, upon payment of $10 costs and of the fees for witnesses in attendance upon the day of trial. The terms are wholly inadequate. The order must be modified, by providing as a condition thereof that the defendant pay the costs of the action antecedent to the granting of the order. Bruns v. Brooklyn Citizen, 98 App. Div. 316, 90 N. Y. Supp. 701.

[2] The contention that the answer did not require amendment should not be considered, for the defendant, so far as this appeal is concerned, admitted in effect that his answer was insufficient, when he withdrew a juror and subsequently applied at Special Term for an amendment thereof.

The order must be modified, without costs of the appeal to either party, by providing as a condition that the defendant within 10 days pay the costs of the action antecedent to the granting of the order, and answer within 20 days, both from the entry of our order of modification. All concur.