## FISHMAN v. BAUMSTEIN.

(Supreme Court, Appellate Term, First Department. December 4, 1914.)

PLEADING (§ 237*)—AMENDMENTS TO CONFORM TO PROOF—WHEN ALLOWED.

The variance between the complaint, alleging that defendant agreed to endeavor to sell plaintiff's jewelry in pawn and to pay plaintiff a specified sum on a sale, and that defendant sold the jewelry, but failed to pay the sum, and the proof of a cause of action for the price of the pawn tickets on an unconditional sale, or a cause of action on a conditional sale of the jewelry, depending on defendant's satisfaction with it, was so material that it was error to permit at the close of plaintiff's case an amendment to the complaint to conform to the proof.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 603–619; Dec. Dig. § 237.*]

Seabury, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Isaac Fishman against William Baumstein. From a judgment for plaintiff, rendered by the City Court of the City of New York, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Alexander A. Mayper, of New York City, for appellant.

Bogart & Bogart, of New York City (John Bogart and Isidore Weckstein, both of New York City, of counsel), for respondent.

COHALAN, J. The action was brought on an alleged agreement for the sale of certain jewelry, the same to be consummated on the

happening of a certain contingency. Plaintiff's assignor, Hyman Jack-nowitz, in the month of November, 1913, owned certain pawn tickets for valuable diamond jewelry, then held in pawn. The complaint alleged that the defendant agreed that he would endeavor to sell the jewelry, and in consideration of the plaintiff's assignor giving him the pawn tickets he further promised and agreed to pay the plaintiff's assignor upon the sale the sum of $750; that plaintiff's assignor delivered the pawn tickets; that the defendant sold the jewelry, but, contrary to the agreement, he failed to pay the plaintiff the $750. The answer admits that plaintiff's assignor had certain pawn tickets, and that they were delivered to the defendant. A separate defense was set up, wherein it was alleged that the pawn tickets had been sold to the defendant, for which payment had been made.

On the trial the plaintiff abandoned his cause of action as claimed in his complaint, and sought to prove two different and inconsistent causes of action. He testified, first, to a cause of action for the price of the pawn tickets, which made the transaction as unconditioned sale; and, secondly, his testimony showed that his cause of action was upon a conditional sale of the jewelry, depending upon the defendant's satisfaction with it. It was apparent from the pleadings that the sale was based upon a condition precedent, and there was no effort to prove that cause of action. At the end of the plaintiff's testimony the defendant moved that his testimony be stricken out, on the ground that the facts testified to were not pleaded. This motion was denied, and an exception was taken thereto. There was no application made or pending at that time to amend the complaint. At the end of the plaintiff's case the plaintiff moved to amend the complaint to conform to the proof, which motion was granted.

In my view, there was such material variance between the pleadings and the proof that this action on the part of the court constituted error. Hamilton v. Mendham, 129 N. Y. Supp. 53. In that case the court said:

"The court at Trial Term has not the power to allow an amendment, which sets up a new cause of action, or substantially changes the one pleaded. Thilemann v. Mayer, 71 App. Div. 595 [76 N. Y. Supp. 132]; Abbott v. Meinken, 48 App. Div. 109 [62 N. Y. Supp. 660]."

The judgment should be reversed, and a new trial ordered; costs to the appellant to abide the event.

BIJUR, J., concurs. SEABURY, J., dissents.