take an assignment of a lease when at the time of the assignment there are taxes due and unpaid on the property cannot affect the legal proposition involved. Furthermore, the amount of taxes in arrears was a matter of public record when Rathbone assumed responsibility for their payment, and the slightest inquiry would have disclosed the true state of facts. Finally it is contended that even if Rathbone is responsible for the taxes he cannot be held for the penalties that accrued on the taxes which were liens on the premises when he assumed the obligations of the lease or for penalties which thereafter accrued, because the damages which a lessor may recover for breach of an assignee's covenant to pay taxes is the amount of the taxes, with interest. But we are dealing with an express covenant to pay, which covenant includes the discharge of all "duties, charges, taxes, assessments and payments *of every kind whatsoever, extraordinary as well as ordinary,* as shall during the term hereby granted be imposed on or grow due and payable out of, or for, or by reason of the said demised premises * * * by virtue or by reason of any present or future law, ordinance or authority whatsoever." It is the duty of the court to sustain, give full effect to and enforce written contracts, and in the absence of any showing of mistake, fraud or duress, a party to a sealed instrument who is of full age and competent should be held strictly to the plain terms of his covenant. without indulging in any speculation as to what might have been intended but was not expressed, or to subsequent developments that made the covenant one that the party regretted. Plaintiff's motion for judgment on the pleadings granted, with $10 costs.

PER CURIAM. The orders reviewed upon this appeal are affirmed. The judgment should be modified by reducing the amount to the liability accruing after the assignment, and, as so modified, affirmed without costs. Settle order on notice.

CLARKE, P. J., and McLAUGHLIN, J., dissenting, and voting to affirm on the opinion of Shearn, J., at Special Term.

Daniel G. UNDERWOOD and William G. Tiffany v. John P. AHRENS. (Supreme Court, Appellate Division, Third Department. March 23, 1916.) Motion held until the first motion day of the May term, when the parties may present affidavits to the court showing the nature of the controversy and the questions sought to be reviewed, and other facts, so that the court may better determine what action should be taken.

UNITED GERMAN SILVER CO., Respt., v. William H. PEARSON, Applt. (Supreme Court, Appellate Division, First Department. February 25, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Order filed.

UNITED STATES DRAINAGE & IRRIGATION COMPANY, respondent, v. Edwin J. LUCAS, appellant. (Appeal No. 1.) (Supreme Court, Appellate Division, Second Department. February 11, 1916.) Judgment and order affirmed, with costs. No opinion. Jenks, P. J., and Thomas, Carr, Stapleton, and Rich, JJ., concur. See, also, 156 App. Div. 49, 141 N. Y. Supp. 50.

UNITED STATES DRAINAGE & IRRIGATION COMPANY, respondent, v. Edwin J. LUCAS, appellant. (Appeal No. 2.) (Supreme Court, Appellate Division, Second Department. February 11, 1916.) Order denying motion for new trial on the ground of newly discovered evidence affirmed, with costs. No opinion. Jenks, P. J., and Thomas, Carr, Stapleton, and Rich, JJ., concur. See, also, 156 App. Div. 49, 141 N. Y. Supp. 50.

Walter R. USHER, respondent, v. James J. CALLANAN, appellant. (Supreme Court, Appellate Division, Second Department. March 10, 1916.) Decision modified in the following respects, viz.: (a) By striking from finding twenty-second the last paragraph thereof; (b) by striking from finding twenty-fourth the last paragraph thereof; (c) by striking out and reversing entirely the twenty-sixth finding; (d) by striking out of the twenty-eighth finding the following: "Which, by the terms of said agreement, he has no right to conduct or allow to be conducted there;" (e) by striking out the last paragraph of finding thirty-fifth; (f) by striking out of the first conclusion the following: "And to the effect that during said period of time the defendant, his agents, servants, and employés, have no right to deal in, or sell or exhibit, or expose for sale, groceries or commodities usually sold by grocers;" (g) by striking out from subdivision III of conclusion third the words "and fish"; and (h) by striking out and reversing entirely conclusion fourth. The judgment appealed from is modified in the following particulars, viz.: (a) By striking therefrom the following paragraph: "From selling groceries during the term of plaintiff's lease to any and all customers who had formerly dealt with defendant in said grocery business at 41 and 43 Vesey street, and to all customers whose names appear on books kept by defendant in the business at 41 and 43 Vesey street, up to November 9, 1914, and defendant is hereby enjoined from preventing plaintiff from having access to said books to obtain names of such customers for one year from November 9, 1914;" and (b) by striking therefrom the following portion, viz.: "That by said agreement dated September 29, 1914, offered in evidence on the trial and marked Plaintiff's Exhibit 1, made by and between the plaintiff and defendant, and from the intent of the parties as disclosed by the evidence on the trial of this action, there is an implied covenant by and between the parties to the effect that during the term of the lease dated November 9, 1914, offered in evidence on the trial and marked Plaintiff's Exhibit 1, that defendant must not deal in any commodity in the part of the store premises not rented to plaintiff except fresh meats, wines, liquors, cigars, candies and fresh fruits;" and said judgment, as so modified, and the order appealed from, are affirmed, without costs. Jenks, P. J., and Thomas, Stapleton, Mills, and Putnam, JJ., concur. Settle order before Mills, J.