SARAH LAPIDES, as Administratrix, etc., Plaintiff, *v.* RUSSELL PECORARO, Defendant.

Supreme Court, Monroe County, August 31, 1927.

**Pleadings — amendments — complaint — complaint in action for goods sold and delivered amended by inserting items of account.**

Under section 105 of the Civil Practice Act a plaintiff will be permitted, in an action to recover the purchase price of goods sold and delivered, to serve an amended complaint setting forth the items of goods sold and delivered so that the defendant may be required to deny specifically the items disputed.

MOTION to amend complaint.

*Jacob Gitelman,* for the motion.

*Weldgen, Greene & Newton,* opposed.

RODENBECK, J. The proposed amendment is in the interest of a narrowing of the issues and should be allowed. (Civ. Prac. Act, § 105; *Davis* v. *N. Y., L. E. & W. R. R. Co.*, 110 N. Y. 646; *Thilemann* v. *Mayor of N. Y.*, 71 App. Div. 595; *Goldstein* v. *Schleifer*, 209 id. 899; *Milliken* v. *McGarrah*, 164 id. 110; *Gedney* v. *Diorio*, 190 id. 85.) The complaint is for goods sold and delivered by plaintiff's intestate, to which a general denial has been interposed. The plaintiff wishes to amend by inserting the items of the account so as to compel the defendant to specifically deny each item. If

this can be accomplished under the section of the Civil Practice Act (§ 261), it will expedite the trial and save the time of the court.

A defendant should be required to deny specifically the allegations of a complaint. The general denial as now employed is an evasive form of answer which does not point out the matters in dispute, prolongs litigation and wastes the time of the court. The Board of Statutory Consolidation sought to incorporate a specific rather than a general denial in our practice, but the suggestion was not adopted. Such a change would clarify and narrow the issues and is emphasized in other jurisdictions. " It shall not be sufficient for a defendant in his defence to deny generally the grounds alleged by the statement of claim, or for a plaintiff in his reply to deny generally the grounds alleged in a defense by way of counterclaim, but each party must deal specifically ·with each allegation of fact of which he does not admit the truth, except damages." (Annual Practice, Rules of the Supreme Court, Order 19, rule 17.) " The answer must specially deny such allegations of fact in the complaint as defendant intends to controvert, unless he intends in good faith to controvert all the allegations; in that case he may deny them generally." (N. J. Prac. Act, rule 40.) " The defendant in his answer shall set out in short and simple terms his defense to each claim asserted in the bill, omitting mere statements of evidence and avoiding general denials, but specifically admitting, denying or explaining the facts upon which the plaintiff relies, unless he is without knowledge, in which event he shall so state, and this shall be treated as a denial." (U. S. Supreme Court, Eq. Rules, rule 30. See Report of Board of Statutory Consolidation [1915], notes 212, 257; id. [1919] Rules of Court, rule 121.) The present practice continues that under the old Code and a change should be made requiring more specific denials.

Motion granted upon payment of ten dollars costs.